[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. White,* Slip Opinion No. 2019-Ohio-1215.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1215

THE STATE OF OHIO, APPELLEE, *v.* WHITE, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. White,* Slip Opinion No. 2019-Ohio-1215.]

*Criminal law—Final, appealable orders—A trial court's decision to exercise its discretion not to impose a monetary or community-service sentence must be clearly communicated in text of entry—Court of appeals' dismissal of appeal from judgment of conviction that was silent as to sentence affirmed.*

(No. 2017-1292—Submitted January 9, 2019—Decided April 4, 2019.)

APPEAL from the Court of Appeals for Hamilton County, No. C-160403.

————————

O'CONNOR, C.J.

**Introduction**

{¶ 1} This appeal concerns appellant Gregory White's conviction for failure to maintain reasonable control of a vehicle, a minor misdemeanor under R.C. 4511.202. The trial court had discretion to impose a financial sanction on White, but the judgment of conviction was silent as to any sentence. The First

District Court of Appeals subsequently dismissed White's appeal on the ground that the judgment of conviction was not a final, appealable order, because it did not include a sentence.

{¶ 2} We agree that the judgment of conviction was not a final, appealable order. For White to be able to appeal his conviction, the trial court must first issue a judgment of conviction that clearly and explicitly meets the requirements of *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. We therefore affirm the judgment of the First District.

## Relevant Background

{¶ 3} White was involved in a multi-car accident in the early morning hours of January 1, 2016. He was subsequently charged with three misdemeanors: (1) driving under suspension, a first-degree misdemeanor under R.C. 4510.11, (2) failure to stop after an accident, a first-degree misdemeanor under R.C. 4549.02, and (3) failure to maintain reasonable control of a vehicle, a minor misdemeanor under R.C. 4511.202. The driving-under-suspension charge was resolved through a plea agreement. The other two charges proceeded to a bench trial, and White was found guilty of both.

{¶ 4} Relevant to this appeal is the judgment of conviction entered for the failure-to-maintain-control conviction. In sentencing White, the trial court had the authority to impose a financial sanction, such as a fine of up to $150, or up to 30 hours of community service, but it was not required to impose either. *See* R.C. 2929.28(A)(2)(a)(v) ("the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to * * * [a] fine in the following amount: * * * [f]or a minor misdemeanor, not more than one hundred fifty dollars"); R.C. 2929.27(D) (permitting sentence of

community service "in lieu of" all or part of a fine).[1]  The trial court was required to order White to pay court costs, R.C. 2947.23, but this court has held that costs are not part of a sentence, *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15.

{¶ 5} The trial court ordered White to pay costs, but it did not impose a fine or community-service obligation.  The judgment of conviction stated the following:

FINDING GUILTY

LOCAL COSTS

 [FINANCIAL RESPONSIBILITY ACT] NON-COMPLIANCE

STAY OF SENTENCE GRANTED PENDING APPEAL

CONT TO 5/11/16 @ 9:00 FOR REPORT / STATUS OF APPEAL

{¶ 6} White appealed this conviction, but the First District dismissed the appeal for lack of a final, appealable order.  It observed that under Crim.R. 32(C) and *Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at paragraph one of the syllabus, a judgment of conviction must contain the fact of conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon

---

1. The concurring opinion would hold that R.C. 2929.28(A) does not permit the trial court to decline to impose a fine or community service. We disagree. First, such an interpretation is contrary to the plain language of the statute, which uses the permissive term "may" and reiterates that the sanction is not required by including the conditional clause "[i]f the court in its discretion imposes one or more financial sanctions." The concurring opinion does not accept the ordinary meaning of "may," and it glides by the conditional clause without mentioning its conditional nature. Second, nothing in the provisions stating that community service may be imposed "in lieu of" a financial sanction, R.C. 2929.27(D) and 2929.28(B), alters the plain meaning of R.C. 2929.28(A) or suggests that community service is required if a court chooses not to impose a financial sanction. Finally, the concurring opinion's argument that the key portion of the statute is its reference to the trial court "imposing a sentence" is novel but unconvincing. It requires one to believe that in the remainder of R.C. 2929.28(A) the legislature said one thing ("may sentence the offender to any financial sanction") when it really meant another ("may sentence the offender to *either* any financial sanction *or community service*"). Viewing the statute as a whole, we accept the meaning stated plainly over a meaning conveyed cryptically.

the journal by the clerk of courts. It also noted that court costs are not considered criminal punishment and are therefore not part of a sentence. As a result, "there was no sentence imposed on [White] and thus, no conviction for the failure-to-control charge, and therefore, no final appealable order." Accordingly, the First District held that it lacked subject-matter jurisdiction and dismissed the appeal.

{¶ 7} White appealed to this court, seeking review of one proposition of law:

A final appealable order for a minor misdemeanor conviction does not require a punishment; judgment of conviction for a minor misdemeanor need only include the fact of conviction, the imposition of court costs, the judge's signature, and the entry upon the journal by the clerk of courts.

{¶ 8} We accepted jurisdiction. 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 878.

**Analysis**

{¶ 9} We review the First District's decision on subject-matter jurisdiction de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.

{¶ 10} White argues that the First District's decision means that a judgment entry that fails to impose a fine for a minor misdemeanor is not a final judgment of conviction and cannot be appealed. As a result, for a minor-misdemeanor conviction to be appealable under the First District's decision, a trial court must impose a fine. This, he argues, is contrary to the terms of R.C. 2929.28(A), which explicitly makes the imposition of a fine discretionary, providing that "the court imposing a sentence * * * for * * * a minor misdemeanor[] *may* sentence the offender to any financial sanction or combination of financial sanctions authorized

under this section" (emphasis added). *See also id.* ("If the court *in its discretion* imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to," certain enumerated sanctions [emphasis added]).

**{¶ 11}** The state disagrees. According to the state, the First District's decision does not require a fine to be imposed. It requires simply that a trial court include language in the judgment entry clearly establishing that it has decided how to exercise its discretion concerning a sentence. For example, the state suggests that if the court wishes to decline to impose a fine, it may include language such as "$0 fine," "no fine," "waive fines," or "remit fines."

**{¶ 12}** White counters that the imposition of costs in the judgment entry indicates that the trial court made a decision on a sentence and simply declined to impose a fine. He further argues that requiring a trial court to specifically state "$0 fine" or similar language would be "frivolous" and that nothing in the Revised Code or Crim.R. 32(C) requires any notation of what sentence the court chose *not* to impose. Only an actual sentence must be stated.

**{¶ 13}** We agree with the state. When valid, a judgment of conviction is a final order under R.C. 2505.02(B). *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11. Crim.R. 32(C) sets forth what must be contained in a judgment of conviction for it to be valid; it provides that "[a] judgment of conviction shall set forth the fact of conviction and the sentence" and that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." Accordingly, we have held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at paragraph one of the syllabus.

**{¶ 14}** The issue here is what, if anything, a trial court is required to state in the judgment of conviction when it chooses to exercise its discretion not to impose a financial sanction or community service as a sentence. We recognize that the judgment of conviction here imposed costs, omitted any reference to a fine or community service, and stated that the sentence was stayed pending appeal. Initially, there is the problem of ambiguity. The judgment's reference to a stay—"STAY OF SENTENCE GRANTED PENDING APPEAL"—is ambiguous. What is stayed? Costs are not part of the sentence, but the court may have meant that the payment of costs was stayed pending appeal. Additionally, the entry's silence regarding a monetary or community-service sentence may imply that the court had exercised its discretion to decline to impose a sentence. But implication is not enough. A trial court's decision to exercise its discretion not to impose a sentence should not be communicated in the judgment of conviction passively—let alone ambiguously—through suggestion or by implication. Permitting such a practice would undermine the purpose of Crim.R. 32(C), which we have recognized is "to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run," *Lester* at ¶ 10. To ensure that the defendant is on notice of when the time to appeal has begun to run, and to avoid disputes regarding the same, clarity is required.

**{¶ 15}** We therefore reiterate our holding in *Lester* concerning the essential elements of a final, appealable judgment of conviction, and we further hold that a trial court's decision to exercise its discretion not to impose a monetary or community-service sentence must be clearly communicated in the text of the entry. No magic words are required, and there is no requirement that a fine or other sanction be imposed before it may be waived. The trial court's decision not to impose a sentence must simply be clear in the entry. For example, in this case, it would have been sufficient for the trial court to state in the entry "no fine," "fine waived," "$0 fine," or similar language. *See, e.g.*, *State v. Jackson*, 9th Dist.

6

Summit No. 28625, 2018-Ohio-19, ¶ 6, 12-13 (holding that a judgment of conviction was a final, appealable order when it stated that fines were waived without first stating that fines were imposed, because the entry made clear that the court had considered and fully resolved the convictions and sentence).

{¶ 16} White also makes a series of arguments concerning alleged secondary harms or problems that could result from the First District's decision. For example, he argues that defendants will be unable to have their convictions sealed unless they are fined and that defense counsel will be required to act against their clients' interests by requesting a fine, lest their clients be denied appellate review. He also asserts that all defendants convicted of minor misdemeanors who were not explicitly ordered to pay a fine will be able to claim that a valid sentence has not yet been entered and that therefore, because of unreasonable delay in sentencing, they are entitled to reimbursement of any money they paid in costs. These arguments all fail for the same reason: they wrongly assume that the trial court is effectively required to impose a fine for a minor-misdemeanor conviction. As explained above, that is not correct. Furthermore, going forward, a court that chooses not to impose a sentence for a minor misdemeanor need only make that clear in the judgment of conviction; so long as it does so, none of these alleged harms can arise.

{¶ 17} Consequently, the First District correctly dismissed White's appeal for lack of a final, appealable order.

### Conclusion

{¶ 18} For these reasons, we affirm the judgment of the First District Court of Appeals dismissing White's appeal for lack of a final, appealable order.

Judgment affirmed.

FRENCH, WELBAUM, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

JEFFREY M. WELBAUM, J., of the Second District Court of Appeals, sitting for FISCHER, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 19} I agree with the majority's conclusion that the trial court did not enter a final, appealable order in this case, because the judgment of conviction failed to impose a sentence. I write separately, however, because the majority's assertion that a trial court has the discretion not to impose a sentence for a minor misdemeanor not only contradicts its own analysis regarding what constitutes a final, appealable order but also cannot be squared with the plain language of the applicable statute. For these reasons, I concur only in the judgment affirming the dismissal of appellant Gregory White's appeal.

{¶ 20} A judgment of conviction that does not include a sentence is not a final, appealable order. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *accord State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6 ("Generally, in a criminal case, the final judgment is the sentence"), citing *Columbus v. Taylor*, 39 Ohio St.3d 162, 165, 529 N.E.2d 1382 (1988); *State v. Hunt*, 47 Ohio St.2d 170, 174, 351 N.E.2d 106 (1976); *State v. Chamberlain*, 177 Ohio St. 104, 106-107, 202 N.E.2d 695 (1964). Therefore, because White's judgment of conviction for failure to maintain reasonable control of his vehicle does not impose a sentence, the majority correctly concludes that no final, appealable order was entered in this case.

{¶ 21} I part ways with the majority when it suggests that a trial court sentencing a minor misdemeanant has the discretion *not to impose a sentence* for the offense. It says, "In sentencing White, the trial court had the authority to impose a financial sanction, such as a fine of up to $150, or up to 30 hours of community service, but it was not required to impose either." Majority opinion at ¶ 4. And although the holding of this case is that a judgment of conviction lacking a sentence

8

is not a final, appealable order, the majority confounds its own analysis when it states that a trial court may "exercise its discretion *not to impose a sentence*" (emphasis added), *id.* at ¶ 14, by "stat[ing] in the entry 'no fine,' 'fine waived,' '$0 fine,' or similar language," *id.* at ¶ 15. This declaration cannot be reconciled with the plain language of the applicable statute.

{¶ 22} Judges do not have the inherent power to create sentences or to impose any sentence so long as it is not prohibited by statute. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, 13. Rather, it is a fundamental precept of our tripartite form of government that "the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. Therefore, courts may impose only a sentence that is *authorized* by statute, *Anderson* at ¶ 13, and "[a] court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law,' " *Williams* at ¶ 20, quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964).

{¶ 23} For this reason, in determining the sentence that may be imposed for an offense, we look only to the statute. This court's duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted. *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 7. R.C. 1.42 guides our analysis, providing that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." If the language of a statute is plain and unambiguous and conveys a clear and definite meaning, then there is no need for this court to resort to the rules of statutory interpretation; rather, we apply the statute as written. *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12.

{¶ 24} Important here is R.C. 2929.28(A): "In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a

sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to *any financial sanction or combination of financial sanctions* authorized under this section." (Emphasis added.) The statute then specifies which financial sanctions may be imposed by the court "in its discretion" in sentencing a minor misdemeanant: (1) a "fine * * * not more than one hundred fifty dollars," R.C. 2929.28(A)(2)(a)(v); (2) a "state fine or cost as defined in section 2949.111 of the Revised Code," R.C. 2929.28(A)(2)(b); and (3) reimbursement for the government's costs to supervise the sanction, R.C. 2929.28(A)(3).

{¶ 25} But financial sanctions are not the only punishment that may be imposed in sentencing a minor misdemeanant. Community service is a "nonresidential sanction," R.C. 2929.27(A)(3), and a term of community service not to exceed 30 hours may be imposed "in lieu of or in addition to imposing a financial sanction" on a minor misdemeanant, R.C. 2929.28(B); *accord* R.C. 2929.27(D). R.C. 2929.28 therefore provides that the court may impose financial sanctions, a term of community service, or both.

{¶ 26} But contrary to the majority's assumption that the trial court is not required to impose either a financial sanction or community service, nothing in R.C. 2929.28(A) authorizes the court to impose no sanction at all. Rather, R.C. 2929.28(A) refers to a court "imposing a sentence." "Sentence" is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense," R.C. 2929.01(EE), and "sanction" means "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense" and "includes any sanction imposed pursuant to any provision of sections * * * 2929.24 to 2929.28 of the Revised Code," R.C. 2929.01(DD). It follows that a court cannot "impose a sentence" for a minor misdemeanor without imposing a sanction.

**{¶ 27}** Moreover, a court may suspend a sentence or waive payment of a fine or other financial sanction only if authorized by statute. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 13; *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 4 ("The common pleas courts do not have power to suspend the execution of a sentence unless authorized by statute"); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 1 (a court lacks authority to waive a mandatory fine except as provided by statute). However, contrary to the position of the majority, nothing in R.C. 2929.28(A) authorizes the trial court to suspend a sentence or waive payment of a fine for a minor misdemeanor.

**{¶ 28}** The General Assembly knows how to write a statute authorizing a court to suspend a fine or waive payment of a fine imposed on an offender. *See, e.g.*, R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *"); R.C. 3517.993(B) (authorizing the elections commission to "suspend all or part of a fine it imposes"); R.C. 5924.15(E) (authorizing suspension of a fine imposed as nonjudicial punishment by a commanding officer). It did not do so in the case of minor-misdemeanor sentencing, and we may not usurp that authority by judicial fiat.

**{¶ 29}** And a $0 fine is not actually "[a] fine." As this court has explained, "the term 'fine' means a sum of money exacted of a person guilty of a misdemeanor, or a crime, the amount of which may be fixed by law or left in the discretion of the court." *Toledo, Columbus & Ohio River R.R. Co. v. Miller*, 108 Ohio St. 388, 396-398, 140 N.E. 617 (1923) (distinguishing between a fine and a civil penalty). That is, a fine is an actual amount of money. So when R.C. 2929.28(A)(2)(a)(v) permits the trial court to impose a fine of "not more than one hundred fifty dollars," it means that any fine imposed must be in an amount greater than $0 or else it is not a fine.

**{¶ 30}** Rather than authorizing the suspension or waiver of a fine or other financial sanction, the General Assembly gave trial courts one alternative; the court

may impose a term of community service on a minor misdemeanant not to exceed 30 hours "in lieu of" a fine or other financial sanction. R.C. 2929.27(D) and 2929.28(B). The phrase "in lieu of" means "[i]nstead of or in place of." *Black's Law Dictionary* 907 (10th Ed.2014). If the offender is indigent, the court may impose a term of community service "in lieu of imposing a financial sanction or court costs." R.C. 2929.28(B). And if the offender is not indigent, the court may impose a term of community service "in lieu of or in addition to imposing a financial sanction." *Id*. The majority's conclusion that a court is not required to impose either a financial sanction or community service founders against the plain language of the statute.

**{¶ 31}** Accordingly, R.C. 2929.28 does not give a trial court the option to suspend, waive, or not impose a sanction in the sentence. Although a court may decide that a minor misdemeanant's crime warrants only a de minimis fine or a de minimis term of community service as an alternative to imposing a financial sanction, it lacks discretion to impose no punishment at all.

**{¶ 32}** A trial court that fails to impose a sentence has not entered a final, appealable order. Therefore, while the majority is correct that the trial court did not issue a final, appealable order in this case, its determination that the trial court could have waived or withheld imposition of any fine without imposing a term of community service is unsupported by the statutory text or precedent. For this reason, I concur only in the judgment affirming the judgment of the court of appeals.

_____

Paula Boggs-Muething, Cincinnati City Solicitor, Natalia S. Harris, City Prosecutor, and Christopher Liu, Assistant City Prosecutor, for appellee.

Raymond T. Faller, Hamilton County Public Defender, and Joshua A. Thompson and Julie Kahrs Nessler, Assistant Public Defenders, for appellant.

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, urging reversal for amicus curiae, Office of the Ohio Public Defender.

_____