[Cite as *State v. Lusane*, 2020-Ohio-737.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0065** |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2000 TRC 00510 R.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, P.O. Box 1501, Akron, OH 44309 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Matthew M. Lusane, appeals from the Judgment Entry of the Portage County Municipal Court, Ravenna Division, denying his Motion to Revise Judgment of Conviction. For the following reasons, we reverse and remand the judgment of the lower court.

{¶2} On January 6, 2000, Lusane was issued a citation for several traffic offenses and one count of Operating a Vehicle while Under the Influence, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1). On May 12, 2000, he signed a written plea of guilty to OVI. The bottom of this document, signed by the judge, stated that the court accepted Lusane's guilty plea. The case file jacket also

contained the statement "pled guilty" and the judge's signature. The remaining charges were dismissed. Separately, in a May 12, 2000 entry, the trial court imposed a $500 fine and costs, a 180 day jail sentence with 170 days suspended subject to conditions, and a license suspension. This entry did not reference the charge to which Lusane pled or otherwise set forth the fact of the conviction.

{¶3} On March 11, 2019, Lusane filed a Motion to Revise Judgment of Conviction, asserting that the trial court should issue a final appealable order since its 2000 sentencing entry was not final and lacked compliance with Crim.R. 32(C). The lower court denied the Motion in an April 23, 2019 Judgment Entry.

{¶4} This court subsequently granted Lusane's Motion for Leave to File Delayed Appeal. On appeal, Lusane raises the following assignment of error:

{¶5} "The lower court abused its discretion by denying appellant's motion to revise the 2005 [sic] sentencing journal entry where it fails to comply with Crim.R. 32(C) and State v. Ginocchio (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366, & therefore, is not a final appealable order."

{¶6} Lusane argues that the sentencing entry fails to comply with Crim.R. 32(C) and is not a final order since, inter alia, it does not pronounce the court's entire judgment and a single document containing both the fact of conviction and sentence must be issued.

{¶7} The State concedes the sole assignment of error, since neither of the court's two entries "separately complied with the Cri[m].R. 32(C) single judgment requirement containing the fact of conviction and sentence."

{¶8} Crim.R. 32(C) requires that "[a] judgment of conviction shall set forth the fact of conviction and the sentence." A judgment of conviction becomes a final order

2

which is subject to appeal "when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." (Citation omitted.) *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 13.

{¶9} This court recently addressed the same argument raised by Lusane in a different case, where the court issued two separate judgments, neither of which contained *both* the fact of conviction and the sentence. *State v. Lusane*, 11th Dist. Portage No. 2019-P-0027, 2019-Ohio-3549, ¶ 2. This court concluded that, under these circumstances, the trial court's failure to grant his motion to revise the sentencing entry was "reversible error," since Lusane was "entitled to, but did not receive, a single entry setting forth the fact of conviction and sentence." *Id.* at ¶ 5. In the present matter, there was also no singular entry that stated both the fact of conviction and the sentence. Consistent with the law of this court and since Lusane did not receive the judgment entry to which he was entitled, we reverse and remand for the lower court to issue a proper judgment which contains both the fact of conviction and the sentence in a single entry.

{¶10} The sole assignment of error is with merit.

{¶11} For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, denying Lusane's Motion to Revise Judgment of Conviction, is reversed and this matter is remanded to the lower court for further proceedings consistent with this opinion. Costs to be taxed against appellee.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.