[Cite as *State v. Carter*, 2021-Ohio-2909.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

KEVIN CARTER

    Appellant

C.A. Nos.    29524
               29525

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 18 07 2451
             CR 18 08 2643(A)

DECISION AND JOURNAL ENTRY

Dated: August 25, 2021

HENSAL, Presiding Judge.

{¶1} Kevin Carter appeals from the judgments of the Summit County Court of Common Pleas in these consolidated appeals. This Court affirms the judgment in case number 29524 (lower court case number CR-2018-07-2451) and dismisses the attempted appeal in case number 29525 (lower court case CR-2018-08-2643-A).

I.

{¶2} In relation to events of July 6, 2018, Mr. Carter was indicted in August 2018, in case CR-2018-08-2643-A, on one count of aggravated robbery with two accompanying specifications, one count of kidnapping with two accompanying specifications, one count of felonious assault with two accompanying specifications, and one count of having weapons while under disability. In November 2018, a supplemental indictment was filed adding additional specifications, one count of burglary with an accompanying specification, and an additional

count of having weapons while under disability ("count ten") with an accompanying specification.

{¶3} The matter proceeded to a jury trial. The jury found Mr. Carter not guilty of burglary and the accompanying specification and guilty of count ten and the accompanying specification. The jury was unable to reach a verdict on the remaining counts. The trial court then held a sentencing hearing as to count 10 and the accompanying specification, sentencing Mr. Carter to a total of seven years and six months. The trial court issued a judgment entry reflecting the same. The remaining counts were retried on April 22, 2019, along with the counts in case CR-2018-07-2451, which involved events from July 12, 2018.

{¶4} The jury found Mr. Carter guilty of the remaining counts in CR-2018-08-2643-A, aside from the felonious assault count, which was dismissed. The jury also found Mr. Carter guilty of the three counts at issue in case CR-2018-07-2451. The trial court sentenced Mr. Carter to 20 years in prison to be served consecutively to count 10 and consecutively to the sentence imposed in case CR-2018-07-2451. The prison sentence from both cases totaled 41 and one-half years.

{¶5} While Mr. Carter filed notice of appeals in both cases, he has only raised assignments of error relating to case CR-2018-08-2643-A (case number 29525). Accordingly, this Court affirms the trial court's judgment in case number 29524 (CR-2018-07-2451). *See* *State v. Lopane*, 9th Dist. Summit Nos. 29245, 29246, 2019-Ohio-4660, ¶ 4, 23.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT FAILED TO ISSUE A FINAL, APPEALABLE ORDER
AS THE MANNER OF CONVICTIONS ARE STATED IN TWO SEPARATE
DOCUMENTS, IN VIOLATION OF THE ONE DOCUMENT RULE UNDER

CRIM.R. 32(C), AND THEREFORE THIS COURT DOES NOT HAVE JURISDICTION TO CONSIDER AN APPEAL FROM THIS CASE.

{¶6} Mr. Carter argues in his first assignment of error that the trial court failed to enter a final, appealable order in CR-2018-08-2643-A (case number 29525), as the trial court violated the one document rule set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17.

{¶7} "In entering a final appealable order in a criminal case [pursuant to R.C. 2505.02(B)], the trial court must comply with Crim.R. 32(C)[.]" *Baker* at ¶ 6-10. "[T]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 10. Accordingly, "[t]o ensure that the defendant is on notice of when the time to appeal has begun to run, and to avoid disputes regarding the same, clarity [in the language used by the trial court] is required." *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, ¶ 14. Crim.R. 32(C) provides:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶8} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at paragraph one of the syllabus. "[T]he finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C)." *Id.* at ¶ 12.

{¶9} "Only one document can constitute a final appealable order." *Baker* at ¶ 17. Further, "all counts of an indictment must be resolved before a judgment entry of conviction may become a final, appealable order." *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, ¶ 15. Thus, "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *Id.* at ¶ 21.

{¶10} Here, the trial court's June 5, 2019 judgment entry and June 25, 2019 nunc pro tunc entry from case CR-2018-08-2643-A fail to meet all of those requirements. In particular, the trial court's resolution of count 10 in those entries is concerning. Mr. Carter was found guilty of that count following the first trial. The June 2019 entries were issued following the second trial, at which point all of the charges were resolved. The trial court's entries first list the guilty findings from the retrial. Then, the trial court states that "[t]he remaining charges were disposed of at trial for the Defendant held on March 25, 2019. The Court finds the Defendant guilty of the above offenses." The entries go on to discuss post-release control and then list the sentences for the counts that were retried. They do not mention count 10 in this section. The trial court then proceeds to discuss consecutive versus concurrent sentencing. The trial court concludes that Mr. Carter's sentence from the retried counts totals 20 years. Only thereafter, does the trial court actually reference count 10. The trial court states "[i]t is further ordered that the total sentences imposed in this case be served consecutively with the sentence defendant is currently serving on Count 10, imposed on April 10, 2019, for a total sentence of Twenty-seven one-half (27 ½) years."

{¶11} Here, the fact of Mr. Carter's conviction and his sentence as to count 10 are not clearly stated in the June 2019 entries. The entries do not state that Mr. Carter was found guilty of count 10 nor do they expressly state his sentence for count 10 (although it could be

determined using simple math). The June 2019 sentencing entries lack the clarity in language required by law. *See White*, 156 Ohio St.3d 536, 2019-Ohio-1215, at ¶ 14. Accordingly, this Court is required to dismiss Mr. Carter's appeal in case number 29525.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FOUND APPELLANT GUILTY OF HAVING WEAPONS WHILE UNDER DISABILITY ALONG WITH ITS SPECIFICATION UNDER R.C. 2941.145(D), BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH FINDINGS.

### ASSIGNMENT OF ERROR III

APPELLANT'S CONVICTIONS FOR HAVING WEAPONS WHILE UNDER DISABILITY, ALONG WITH ITS SPECIFICATION UNDER R.C. 2941.145(D), IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO PROVIDE THE APPELLANT WITH HIS RIGHT TO PROPER ALLOCUTION PRIOR TO THE IMPOSITION OF HIS PRISON SENTENCE IN VIOLATION OF R.C. 2929.19(A) AND CRIM.R. 32(A).

{¶12} Mr. Carter argues in his second and third assignments of error that his conviction for count 10 was based upon insufficient evidence and was against the weight of the evidence. He asserts in his fourth assignment of error that the trial court failed to allow him to allocute when sentencing him on count 10. Because the judgment related to these issues is not final and appealable, we cannot address the merits of these assignments of error.

III.

{¶13} This Court affirms the judgment in case number 29524 and dismisses the attempted appeal in case number 29525.

Judgment affirmed in part,
and appeal dismissed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.