[Cite as *State v. Chatman*, 2023-Ohio-1590.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29630 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03303 |
| | : | |
| DARRELL CHATMAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 12, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Attorney for Appellee

MICHAEL P. DAILEY, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Darrell Chatman appeals from his conviction following a negotiated guilty plea to one count of attempted failure to comply with an order or signal of a police officer, a fourth-degree felony.

{¶ 2} Chatman contends the trial erred in imposing a driver's-license suspension

as part of his sentence. He reasons that the suspension is not authorized when an offender is convicted of attempt to commit an offense under R.C. 2923.02. He maintains that the suspension is authorized only when an offender is convicted of actual failure to comply in violation of R.C. 2921.331.

{¶ 3} For the reasons set forth below, we find Chatman's argument to be persuasive. The driver's-license suspension is contrary to law. Accordingly, the license suspension will be vacated, and the trial court's judgment will be affirmed as modified.

## I. Background

{¶ 4}   A grand jury indicted Chatman on charges of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and obstructing official business in violation of R.C. 2921.31(A). As charged, failure to comply was a third-degree felony. The obstructing-official-business charge was a second-degree misdemeanor. Chatman pled guilty to attempted failure to comply as a fourth-degree felony in exchange for dismissal of the other charges.

{¶ 5} During the plea hearing, an issue arose concerning whether Chatman would be subject to a driver's-license suspension under R.C. 2921.331(E). The trial court and counsel expressed uncertainty, agreeing that attempted failure to comply was "not a very common charge." *See* Tr. at 7. To be safe, the trial court advised Chatman as if he would be subject to the suspension while recognizing that it "could be wrong[.]" *Id.* at 15-16. Defense counsel raised the issue again at sentencing, arguing that a license suspension did not apply to a conviction for attempted failure to comply. *Id.* at 18. The trial court then orally imposed a three-year driver's-license suspension but delayed signing the judgment

entry until it could review the issue further. *Id.* The trial court later decided to leave the license suspension in place, correctly noting that there was "little law in this area" and that the issue had been preserved for appeal. *Id.* at 23.

## II. Analysis

{¶ 6} The issue Chatman raises on appeal is a legal one. He argues that Ohio law does not authorize a driver's-license suspension under R.C. 2921.331(E) when a defendant is convicted of attempted failure to comply with an order or signal of a police officer. Having conducted our own review of the issue, we agree.

{¶ 7} The failure-to-comply statute provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." R.C. 2921.331(B). Under R.C. 2921.331(C)(1), *"[w]hoever violates this section* is guilty of failure to comply with an order or signal of a police officer." (Emphasis added.) License suspensions are addressed in R.C. 2921.331(E), which states: "In addition to any other sanction imposed *for a felony violation of division (B) of this section*, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code." (Emphasis added.)

{¶ 8} Here Chatman was not convicted of violating R.C. 2921.331(B), so he did not receive a sanction for a felony violation of R.C. 2921.331(B). Chatman was convicted of violating R.C. 2923.02(A), which provides: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." Under

R.C. 2923.02(E)(1), "[w]hoever violates this section is guilty of an attempt to commit an offense." With certain exceptions, the offense of attempt to commit an offense "is an offense of the next lesser degree than the offense attempted." *Id.*

{¶ 9} The Ohio Legislative Service Commission has explained that R.C. 2923.02 "is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, *establishes an attempt to commit any offense as an offense in itself*. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt—in these cases, attempt is not an offense." (Emphasis added.) Legislative Service Commission Comments following R.C. 2923.02.

{¶ 10} In *State v. Heidelberg*, 2019-Ohio-2257, 138 N.E.3d 537 (6th Dist.), the Sixth District Court of Appeals examined the issue before us and held that the license-suspension sanction in R.C. 2921.331(E) does not apply to attempted failure to comply with an order or signal of a police officer. The Sixth District recognized that attempted failure to comply is a distinct crime under R.C. 2923.02 and that R.C. 2921.331(E) does not address the offense of attempt to commit an offense. *Id.* at ¶ 21-22.

{¶ 11} The Eighth District Court of Appeals reached the same conclusion in *State v. Brown*, 2022-Ohio-3736, 199 N.E.3d 219 (8th Dist.). The Eighth District recognized that attempted failure to comply is not a felony violation of R.C. 2921.331(B), as would be required to impose a license suspension under R.C. 2921.331(E). Instead, attempted failure to comply is a felony violation of R.C. 2923.02, which is outside the scope of R.C. 2921.331(E). *Id.* at ¶ 19, citing *State v. Garner*, 8th Dist. Cuyahoga Nos. 97948, 97949,

2012-Ohio-3262 and Legislative Service Commission notes following R.C. 2923.02.

{¶ 12} We note too that the present situation does not involve an attempt to commit an offense that is defined to include an attempt. For example, in *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, the defendant was convicted of attempted possession of drugs. The Ohio Supreme Court noted that R.C. 2925.01(G)(4) explicitly defined a "drug abuse offense" to include an attempt to commit drug possession in violation of R.C. 2925.11. Because attempted drug possession was included in the definition of drug offenses, the Ohio Supreme Court reasoned that sentencing should be based on the drug-offenses portion of the Revised Code rather than the attempt portion. Therefore, the majority held that the defendant was subject to the mandatory-sentencing provisions of R.C. 2925.11.

{¶ 13} As the Sixth and Eighth Districts recognized in *Heidelberg* and *Brown*, the current situation is distinguishable from *Taylor* because the offense of attempted failure to comply with the order or signal of a police officer is not delineated in or incorporated by R.C. 2921.331. *Heidelberg* at ¶ 20-21; *Brown* at ¶ 17-18. To the contrary, attempted failure to comply is a separate offense proscribed by R.C. 2923.02 and punishable under the general felony-sentencing guidelines of the Revised Code.

{¶ 14} In opposition to the foregoing conclusion, the State reasons that Chatman's attempt conviction was "derivative of and dependent upon" the underlying offense of failure to comply in violation of R.C. 2921.331(B). Therefore, the State asserts that Chatman's attempted failure to comply actually violated both R.C. 2923.02(A) and R.C. 2921.331(B), making the license suspension applicable.

{¶ 15} We find the State's argument to be unpersuasive. The attempt statute provides that no person, acting with sufficient culpability for the commission of an offense, "shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). To determine whether this prohibition has been violated, it may be necessary to examine the elements of an underlying substantive offense. It does not follow, however, that Chatman's attempted failure to comply actually violated both R.C. 2923.02(A) and R.C. 2921.331(B). As we explained above, Chatman was not convicted of violating R.C. 2921.331(B). He was convicted of violating R.C. 2923.02(A), which is a distinct criminal offense. We are unpersuaded that a license suspension was permissible under R.C. 2921.331(E) simply because Chatman's attempt offense was related to or derivative of an underlying substantive offense.

{¶ 16} Finally, the State suggests that Chatman's license suspension is not contrary to law even if it was impermissible under R.C. 2921.331(E). Noting that the trial court placed Chatman on up to five years of community control, the State reasons that the three-year license suspension could have been imposed as a non-residential community control sanction. In response, Chatman argues that authority to suspend driver's licenses is governed by R.C. 4510.02. Outside the scope of this express statutory authority, Chatman contends a trial court lacks discretion to impose a license suspension as a condition of community control.

{¶ 17} We need not dwell on Chatman's argument because the trial court did not impose its license suspension as a community-control sanction. The record makes clear that the trial court imposed a mandatory, three-year, class-two license suspension

pursuant to R.C. 2921.331(E). Even assuming, purely arguendo, that the trial court could have imposed a license suspension as a condition of community control, it did not do so. We decline to transform a mandatory license suspension specifically imposed under R.C. 2921.331(E) into a discretionary community-control sanction, particularly absent any indication that that the trial court itself would have done so.

{¶ 18} Based on the reasoning set forth above, we conclude that Chatman's driver's-license suspension is contrary to law. Accordingly, his assignment of error is sustained.

### III. Conclusion

{¶ 19} Pursuant to R.C. 2953.08(G)(2), we hereby modify Chatman's sentence by vacating his driver's-license suspension. As so modified, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.