[Cite as *State v. Adeshina*, 2023-Ohio-3654.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :
        Appellee                       :    C.A. No. 29706
                                       :
v.                                     :    Trial Court Case No. 2022 CR 00875
                                       :
OLALEKAN ADEKUNLE ADESHINA             :    (Criminal Appeal from Common Pleas
                                       :    Court)
        Appellant                      :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on October 6, 2023

. . . . . . . . . . .

KRISTIN L. ARNOLD, Attorney for Appellant

MATHIAS H. HECK, JR., by RICKY L. MURRAY, Attorney for Appellee

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Olalekan Adekunle Adeshina, appeals from his conviction in the Montgomery County Court of Common Pleas after pleading guilty to one fifth-degree-felony count of attempt to commit gross sexual imposition. In support of his appeal, Adeshina claims that the trial court erred by overruling his motion to suppress statements he made during a police interview. Adeshina also claims that his sentence was contrary

to law because the trial court erroneously imposed a mandatory five-year term of post-release control and because the trial court did not address whether it was imposing certain discretionary fines as part of his sentence.

{¶ 2} The State concedes that the trial court erroneously imposed a mandatory five-year term of post-release control for Adeshina's offense. We agree that the trial court erred in that regard, but we find no error with regard to the trial court's failure to address the discretionary fines during sentencing. The omission of any reference to those fines at the sentencing hearing and in the judgment entry indicates that no fine was imposed. We also find that, because Adeshina entered a guilty plea, he waived his right to challenge the trial court's ruling on his motion to suppress.

{¶ 3} The post-release control portion of Adeshina's sentence will be reversed and the matter will be remanded to the trial court for the sole purpose of resentencing Adeshina to the proper term of post-release control. The judgment of the trial court will be affirmed in all other respects.

**Facts and Course of Proceedings**

{¶ 4} On April 13, 2022, a Montgomery County grand jury returned an indictment charging Adeshina with two first-degree-felony counts of rape in violation of R.C. 2907.02(A)(2) and two fourth-degree-felony counts of gross sexual imposition in violation of R.C. 2907.05(A)(1). Adeshina entered a plea of not guilty to all the charged offenses and then filed a motion to suppress. In his motion to suppress, Adeshina sought to suppress statements he made during an interview with the police on January 18, 2022.

{¶ 5} On June 27, 2022, the trial court held a hearing on Adeshina's motion to suppress; it thereafter overruled the motion. Adeshina then entered a plea agreement with the State whereby he agreed to plead guilty to one amended fifth-degree-felony count of attempt to commit gross sexual imposition in violation of R.C. 2923.02(A)/R.C. 2907.05(A)(1). In exchange for Adeshina's guilty plea, the State agreed to dismiss the remaining counts of rape and gross sexual imposition.

{¶ 6} The trial court accepted Adeshina's guilty plea to attempt to commit gross sexual imposition and scheduled the matter for a sentencing hearing. During the sentencing hearing, the trial court ordered Adeshina to serve 12 months in prison with a mandatory five-year term of post-release control. The trial court also designated Adeshina as a Tier I sex offender and ordered him to pay court costs.

{¶ 7} Adeshina now appeals from his conviction and raises three assignments of error for review.

**First Assignment of Error**

{¶ 8} Under his first assignment of error, Adeshina challenges the trial court's decision overruling his motion to suppress. However, by entering a guilty plea, Adeshina waived his right to appeal the trial court's ruling on his motion. It is well established that: "A plea of guilty is a complete admission of guilt. Consequently, a guilty plea waives all appealable errors, including a ruling on a motion to suppress, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." (Citations omitted.) *State v. Williams*, 2d Dist. Montgomery No.

27771, 2018-Ohio-2972, ¶ 4; *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 15 ("[a] valid guilty plea by a counseled defendant * * * generally waives the right to appeal all prior nonjurisdictional defects, including the denial of a motion to suppress").

{¶ 9} In this case, Adeshina does not claim that his guilty plea was not entered knowingly, intelligently, and voluntarily.  Moreover, at the plea hearing, the trial court addressed the effect of Adeshina's guilty plea on his ability to appeal pretrial rulings and stated the following:

> THE COURT:        Do you understand that the effect [of] your guilty plea
>
>                   today is a complete admission of your guilt as to this
>
>                   lesser included offense, and you're giving up your right
>
>                   to appeal any pre-trial rulings?
>
> THE DEFENDANT: Yes, ma'am.

Plea Hearing Tr. (Nov. 28, 2022), p. 10.

{¶ 10} On the record before us, Adeshina has waived his right to appeal the trial court's decision overruling his motion to suppress.  Accordingly, Adeshina's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 11} Under his second assignment of error, Adeshina contends that his sentence is contrary to law because the trial court erroneously imposed a mandatory five-year term of post-release control for his fifth-degree-felony offense of attempt to commit gross

sexual imposition. The State concedes error in that regard, and we agree that the post-release control portion of Adeshina's sentence is contrary to law.

{¶ 12} When reviewing felony sentences, this court must apply the standard of review contained in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7-9. Pursuant to that statute, "an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 41, quoting R.C. 2953.08(G)(2).

{¶ 13} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, *properly imposes postrelease control*, and sentences the defendant within the permissible statutory range.' " (Emphasis added.) *State v. Grieco*, 2d Dist. Montgomery No. 28542, 2020-Ohio-6956, ¶ 21, quoting *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. *Accord State v. Curtis*, 2d Dist. Miami No. 2021-CA-19, 2022-Ohio-1691, ¶ 21.

{¶ 14} As previously discussed, Adeshina claims that his sentence is contrary to law because the trial court improperly imposed a mandatory five-year term of post-release control for his fifth-degree-felony offense of attempt to commit gross sexual imposition. R.C. 2967.28, the statute governing post-release control, provides that post-release control is mandatory "for a felony of the first degree, for a felony of the second degree,

for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense[.]"  R.C. 2967.28(B).  Because Adeshina's offense was a fifth-degree-felony, post-release control was mandatory only if his offense qualified as a felony sex offense.  The mandatory term of post-release control for a felony sex offense is five years.  R.C. 2957.28(B)(1).  " 'Felony sex offense' means a violation of a section contained in Chapter 2907 of the Revised Code that is a felony."  R.C. 2967.28(A)(3).

{¶ 15} Gross sexual imposition is a felony that is codified under R.C. 2907.05, and thus it would be considered a "felony sex offense" because it is a violation of Chapter 2907 of the Revised Code.  Adeshina, however, was convicted of *attempt* to commit gross sexual imposition in violation of the general attempt statute, R.C. 2923.02(A).  That statute provides: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."  R.C. 2923.02(A).  "Whoever violates [that] section is guilty of an attempt to commit an offense."  R.C. 2923.02(E)(1).

{¶ 16} In *State v. Chatman*, 2023-Ohio-1590, 214 N.E.3d 701 (2d Dist.), this court was asked to determine whether a defendant convicted of attempted failure to comply was subject to the same driver's license suspension that is statutorily required when one actually commits failure to comply in violation of R.C. 2921.331.  *See* R.C. 2921.331(E).  When addressing that issue, this court noted that:

> The Ohio Legislative Service Commission has explained that R.C. 2923.02 "is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, *establishes an*

*attempt to commit any offense as an offense in itself.* The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt—in these cases, attempt is not an offense."

(Emphasis sic.) *Chatman* at ¶ 9, quoting Legislative Service Commission Comments following R.C. 2923.02.

**{¶ 17}** This court concluded that Ohio law did not authorize the trial court to impose the driver's license suspension on the defendant in *Chatman* because the defendant was convicted under the general attempt statute, R.C. 2923.02(A), not the failure to comply statute, R.C. 2921.331(B). *Id.* at ¶ 6-8. Accordingly, we found that attempted failure to comply and failure to comply were distinct offenses, and that attempted failure to comply fell outside the scope of the license suspension, which only applied to violations of R.C. 2921.331. *Id.* at ¶ 10-11, citing *State v. Heidelberg*, 2019-Ohio-2257, 138 N.E.3d 537 (6th Dist.) and *State v. Brown*, 2022-Ohio-3736, 199 N.E.3d 219 (8th Dist.).

**{¶ 18}** In reaching that conclusion, we distinguished the Supreme Court of Ohio's decision in *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37. In *Taylor*, the Supreme Court addressed whether the mandatory sentencing provisions for drug offenses in R.C. 2925.11 applied to a conviction for attempted possession of drugs. *Id.* at ¶ 1. In answering that question in the affirmative, the Supreme Court noted that the definition of "drug abuse offense" in R.C. 2925.01(G)(4) includes attempted drug offenses. *Id.* at ¶ 11. It therefore concluded that "an attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into

the possession offense."  *Id.* at ¶ 16.   The Supreme Court also found that R.C. 2925.11 is a specific drug-offense statute that describes, among other things, specific punishments for drug possession offenses, and that it, being the more specific statute, controlled over the general attempt statute.   *Id.* at ¶ 14.   Accordingly, the majority held that the defendant was subject to the mandatory sentencing provisions of R.C. 2925.11. *Id.* at ¶ 17.

{¶ 19} We found *Taylor* distinguishable from the scenario in *Chatman* because the attempted possession of drugs offense in *Taylor* was incorporated by R.C. 2925.11, whereas "the offense of attempted failure to comply with the order or signal of a police officer [was] not delineated in or incorporated by R.C. 2921.331."   *Chatman* at ¶ 13, citing *Heidelberg* at ¶ 20-21 and *Brown* at ¶ 17-18.   Instead, we found that "attempted failure to comply is a separate offense proscribed by R.C. 2923.02 and punishable under the general felony-sentencing guidelines of the Revised Code."   *Id.*

{¶ 20} Like *Chatman*, the instant case is distinguishable from *Taylor* because attempt to commit gross sexual imposition is not delineated in or incorporated by R.C. 2907.05 (the statute governing gross sexual imposition).   Therefore, when relying on *Chatman*, we find that attempt to commit gross sexual imposition is a separate offense that falls under the general attempt statute, meaning that it is not a violation of Chapter 2907 of the Revised Code.   Because attempt to commit gross sexual imposition is not a violation of R.C. Chapter 2907, it does not qualify as a felony sex offense as defined in R.C. 2967.28.   Because attempt to commit gross sexual imposition is not a felony sex offense, the mandatory five-year term of post-release control required by R.C.

2967.28(B)(1) did not apply. Rather, R.C. 2967.28(C) applied since Adeshina's offense was a fifth-degree felony.

{¶ 21} Pursuant to R.C. 2967.28(C), "any sentence to prison for a felony of the * * * fifth degree that is not subject to [R.C. 2967.28(B)(1)] shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender." Based on that statute, the trial court should have imposed a discretionary term of up to two years of post-release control for Adeshina's offense. Therefore, the trial court's decision to impose a mandatory five-year term of post-release control was contrary to law.

{¶ 22} "When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. Here, there is no dispute that the trial court had jurisdiction to act and that it improperly imposed post-release control. Accordingly, Adeshina is entitled to have the post-release control portion of his sentence set aside and to have a new sentencing hearing limited to the proper imposition of post-release control. *See State v. Heinzen*, 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341, ¶ 28.

{¶ 23} Adeshina's second assignment of error is sustained.

**Third Assignment of Error**

{¶ 24} Under his third assignment of error, Adeshina contends that his sentence is contrary to law because the trial court did not address at the sentencing hearing or in its judgment entry whether it was imposing certain fines that the trial court had mentioned during his plea hearing. At the plea hearing, the trial court advised Adeshina that it *could* impose a fine of up to $2,500, plus an additional fine of $50 to $100 for the rape crisis fund. The parties do not dispute that the fines in question were discretionary and that the trial court did not say anything about the fines during the sentencing hearing or in the judgment entry.

{¶ 25} This court addressed a similar scenario in *State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488. In *Banks*, the trial court sentenced the appellant to 11 months in prison for a fifth-degree felony and did not make any order at the sentencing hearing or in the judgment entry for the appellant to pay a fine as part of his sentence. *Id.* at ¶ 1, 14-15. For some reason, the appellant believed that he was required to pay a $2,500 fine and argued on appeal that the trial court had erred by failing to state during his sentencing hearing that he was required to pay the fine. *Id.* at ¶ 14. In light of this argument, "[w]e surmise[d] that Banks recall[ed] from his plea hearing that the court *could* sentence him to financial sanctions, including a fine up to $2,500." (Emphasis sic.) *Id.* at ¶ 15.

{¶ 26} Because " '[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum' " and because there was no journalized order requiring the appellant to pay a fine, we concluded that the appellant was not subject to a fine. *Id.* at ¶ 16, quoting *Schenley v. Kauth*, 160 Ohio St. 109, 113

N.E.2d 625 (1953), paragraph one of the syllabus. Accordingly, we overruled Banks's claim that the trial court had erred by failing to impose the $2,500 fine at the sentencing hearing. *Id.* at ¶ 17.

{¶ 27} The holding in *Banks* suggests that when a fine is not mentioned or ordered in the journalized judgment entry, no fine is imposed, and that if no fine is imposed, the fine need not be addressed at the sentencing hearing. Like *Banks*, the journalized judgment entry in this case omitted any reference to the discretionary fines discussed at the plea hearing. Accordingly, there was no order for Adeshina to pay any of those fines and thus no need for the trial court to have discussed those fines at the sentencing hearing. In summary, the trial court's omission of any reference to the fines at the sentencing hearing and in the judgment entry simply indicated that the trial court chose not to impose any of the fines.

{¶ 28} The State has directed our attention to the Supreme Court of Ohio's decision in *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, and argues that *White* is distinguishable from the present case. In *White*, the trial court had the authority to impose a fine of up to $150 or up to 30 hours of community service for a minor misdemeanor failure-to-control offense, but was not required to impose either. *Id.* at ¶ 4. At sentencing, the trial court omitted any reference to a fine or community service and only ordered the defendant to pay court costs, which are not considered part of the sentence. *Id.* at ¶ 4-5.

{¶ 29} The defendant in *White* appealed his conviction, and the First District dismissed the appeal for lack of a final, appealable order. *Id.* at ¶ 6. In so holding, the

First District "observed that under Crim.R. 32(C) and [*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142], a judgment of conviction must contain the fact of conviction, *the sentence*, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk of courts." (Emphasis added.) *Id.* The First District explained that it dismissed the appeal because "there was no sentence imposed on [White] and thus, no conviction for the failure-to-control charge, and therefore, no final appealable order." *Id.*

{¶ 30} White appealed to the Supreme Court of Ohio, which ultimately affirmed the First District's decision dismissing the appeal. *Id.* at ¶ 2, 13-17. In doing so, the Supreme Court stated that:

> The entry's silence regarding a monetary or community-service sentence may imply that the court had exercised its discretion to decline to impose a sentence. But implication is not enough. A trial court's decision to exercise its discretion not to impose a sentence should not be communicated in the judgment of conviction passively—let alone ambiguously—through suggestion or by implication.

*Id.* at ¶ 14.

{¶ 31} The Supreme Court went on to conclude that "[t]he trial court's decision not to impose a sentence must simply be clear in the entry." *Id.* at ¶ 15. For example, the Supreme Court found that "it would have been sufficient for the trial court to state in the entry 'no fine,' 'fine waived,' '$0 fine,' or similar language." *Id.*

{¶ 32} Upon review, we agree with the State and find that the present case is

distinguishable from *White*. *White* concerned a situation in which the trial court did not impose *any* sentence on the defendant and did not make that decision clear in its judgment entry. Unlike *White*, the trial court in this case clearly imposed a sentence: it sentenced Adeshina to 12 months in prison and designated him a Tier I sex offender. Accordingly, *White's* discussion regarding the importance of a trial court's clearly conveying its decision not to impose any sentence is not applicable to the present case. *White* is also distinguishable because it focused on a minor misdemeanor offense for which the only possible sentence would have been the discretionary fine and/or community service. Unlike *White*, the present case involved a felony conviction for which there existed a wider range of potential sentencing options. For all the foregoing reasons, *White* has no bearing on this case.

{¶ 33} Lastly, we note that Adeshina argued that the trial court's failure to address the discretionary fines at the sentencing hearing and in the judgment entry amounted to plain error. In order to establish plain error, Adeshina must demonstrate that an obvious error occurred and that there is a reasonable probability that said error resulted in prejudice. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22; *State v. Parrish*, 2d Dist. Clark No. 2022-CA-89, 2023-Ohio-2409, ¶ 29. In this case, the trial courts' failure to address the discretionary fines at the sentencing hearing and in the judgment entry was not an obvious error, because that omission simply indicated that the trial court decided not to impose any of the fines. Regardless, Adeshina cannot establish that he was prejudiced by the trial court's failure to mention the fines since such a failure resulted in no fines being imposed. In other words, Adeshina cannot establish prejudice

by virtue of not being fined by the trial court.   Accordingly, Adeshina cannot establish plain error.

{¶ 34} Adeshina's third assignment of error is overruled.


## Conclusion

{¶ 35} Having overruled Adeshina's first and third assignments of error, and having sustained Adeshina's second assignment of error, the judgment of the trial court is reversed with respect to the imposition of post-release control, and the matter is remanded to the trial court for the sole purpose of resentencing Adeshina to post-release control in a manner that is consistent with this opinion.   In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.