[Cite as *State v. Garner*, 2012-Ohio-3262.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97948 and 97949**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYRONE GARNER

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE VACATED;
REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-532364 and CR-535585

**BEFORE:**   Celebrezze, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   July 19, 2012

**ATTORNEY FOR APPELLANT**

David P. Kraus
19333 Van Aken Boulevard
Suite 112
Shaker Heights, Ohio   44122


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Denise J. Salerno
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant Tyrone Garner appeals from the trial court's imposition of mandatory consecutive sentences in case Nos. CR-532364 and CR-535585. After careful review of the record and relevant case law, we reverse and remand for resentencing in accordance with this opinion.

**{¶2}** On December 31, 2009, appellant was indicted in CR-532364 for failure to comply, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree; and possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree. On January 15, 2010, he was arraigned and entered a plea of not guilty. On March 9, 2010, he withdrew his previous plea of not guilty and pled guilty to attempted failure to comply, in violation of R.C. 2923.02 and 2921.331(B) and (C)(5)(a)(ii), a felony of the fourth degree.

**{¶3}** On March 26, 2010, appellant was indicted in CR-535585 for aggravated robbery, in violation of R.C. 2911.01(A)(3), a felony of the first degree; and felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. On March 31, 2010, he was arraigned and entered a plea of not guilty. On May 19, 2010, he withdrew his previous plea of not guilty and pled guilty to attempted aggravated robbery, in violation of R.C. 2923.02 and 2911.01(A)(3), and aggravated assault, in violation of R.C. 2903.12, both felonies of the fourth degree.

**{¶4}** Appellant was sentenced on June 24, 2010, on both cases to an aggregate term of two years of community control. The trial court advised him that it reserved the imposition of an 18-month prison term on each charge in the event he failed to comply with the terms and conditions of his community control sanctions.

**{¶5}** On August 22, 2011, the trial court found appellant to be in violation of his community control and ordered him to complete the original term of his community control sanction and serve seven days in the county jail. At that time, the trial court advised appellant that a second violation could result in a maximum prison term of 54 months.

**{¶6}** On January 6, 2012, appellant was found to be in violation of his community control sanctions for a second time. The trial court terminated appellant's community control sanctions and sentenced him to six months in prison on each count in CR-535585, to run concurrently, and six months in prison on CR-532364, to run consecutively to the sentence imposed in CR-535585.

**{¶7}** Appellant brings this timely appeal, raising one assignment of error for review:

> The trial court erred when it determined that it was mandated to impose a consecutive sentence for a conviction of attempted failure to comply and violated defendant's rights under U.S. Constitution Amendments V and XIV and Ohio Constitution Article I, Sections 10 and 16.

**Law and Analysis**

**{¶8}** In his sole assignment of error, appellant argues that the trial court erred when it determined that it was mandated to impose a consecutive sentence for a

conviction of attempted failure to comply. Appellant asserts that because he was convicted of attempted failure to comply, rather than failure to comply, the sentencing provisions of R.C. 2921.331 do not apply to him, and the general sentencing statute, R.C. 2929.14(A)(4), controls the trial court's sentencing options.

{¶9} As set forth above, appellant pled guilty to, and was convicted of, attempting to commit a third-degree felony, in violation of R.C. 2921.331. Pursuant to R.C. 2923.02, he is to be sentenced as though his offense was a fourth-degree felony. It is undisputed that if appellant had been convicted of failure to comply, pursuant to R.C. 2921.331(A) and 2921.331(C)(5), the trial court would have been required to impose a prison term consecutive to any other prison term. *See* R.C. 2921.331(D). The question then becomes whether the sentence for an attempted violation of R.C. 2921.331 is governed by the specific sentencing provisions of R.C. 2921.331 or the general sentencing provisions of R.C. 2923.02.

{¶10} The primary concern in the interpretation of a statute is legislative intent. *State v. Jordan*, 89 Ohio St.3d 488, 491, 2000-Ohio-225, 733 N.E.2d 601. Courts will look to the language of the statute itself in attempting to ascertain the legislative intent. *See Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973). In examining the actual language of a statute, words should be given their common, ordinary, and accepted meaning unless the legislature has clearly expressed a contrary intention. *Youngstown Club v. Porterfield*, 21 Ohio St.2d 83, 86, 255 N.E.2d 262 (1970).

**{¶11}** Because this appeal involves the interpretation of two statutes, a closer look at those statutes is in order.

**{¶12}** Attempt is governed by R.C. 2923.02. In relevant part, this statute provides: "(E) Whoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit any [offense other than certain drug abuse offenses] is an offense of the next lesser degree than the offense attempted. * * *."

**{¶13}** The offense of failure to comply with the order or signal of a police officer is codified under R.C. 2921.331, which states, in relevant part:

(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

* * *

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

* * *

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

* * *

(D) If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender. * * *.

**{¶14}** In furtherance of his argument, appellant relies on this court's decision in *State v. Hall*, 8th Dist. No. 76374, 2000 WL 868478 (June 29, 2000). In *Hall*, the defendant was charged with first-degree felony drug possession offenses. He pled guilty to attempted drug possession, a felony of the second degree, and was subsequently sentenced to five years in prison. He appealed, arguing that he should have been sentenced under the attempt statute. This court disagreed, holding that "attempted drug possession is not a separate and distinct crime from possession of drugs, but rather it is incorporated into the offense." This court reasoned:

> Pursuant to the terms of the plea bargain stated on the record, the attempt statute was incorporated into R.C. 2925.11. The appellant was originally indicted under R.C. 2925.11(C)(4)(f), which makes possession of one thousand grams or more of cocaine that is not crack cocaine, a felony of the first degree. By incorporating the attempt statute, the offense became a felony of the second degree. There was never any agreement to amend the indictment to delete R.C. 2925.11 so that the penalties provided for violations of that section would not apply.

**{¶15}** In *State v. Taylor* 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, the Supreme Court of Ohio addressed the issues raised in *Hall*. Specifically, the court was asked to resolve the issue of "whether a conviction for an attempted drug offense that would have been, if successfully completed, a first-degree felony, but which becomes a second-degree felony by virtue of the fact that it is merely an attempt to commit an offense, is subject to the mandatory prison term provisions in R.C. 2925.11." *Id*. at ¶ 1.

**{¶16}** As this court did in *Hall*, the Ohio Supreme Court held that the sentencing provisions in R.C. 2925.11, the "possession of drugs" statute — and not the general felony sentencing statutes — applied, thereby subjecting Taylor to mandatory

incarceration. *Id.* On review of the relevant statutes, the court upheld the holding in *Hall*, determining that "an attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the possession offense." *Id.* at ¶ 16. The court noted that R.C. 2925.01(G)(4) defines a "drug abuse offense" to include any attempt to commit a violation of R.C. 2925.11. *Id.* at ¶ 11. Thus, the court reasoned that the crime of attempted possession was one of the crimes delineated in R.C. 2925.11, and therefore R.C. 2925.11 controlled the sentencing for that crime. *Id.* at syllabus.

{¶17} On review of the applicable statutes, including R.C. 2921.331 and 2923.02, we find the conclusions reached in *Hall* and *Taylor* to be distinguishable from the case at hand. R.C. 2921.331 delineates the felony level and, in some instances, additional penalties for defendants who violate R.C. 2921.331(C)(4) or (5). However, unlike the statute governing "drug abuse offenses," the crime of "attempted failure to comply" is not one of the crimes delineated in R.C 2921.331. In fact, unlike the crime of "attempted drug possession," which was at issue in *Hall* and *Taylor*, R.C. 2921.331 does not include the word "attempt" in any of its provisions or definitions. Thus, we find no basis to conclude that the legislature intended "attempted failure to comply" to be a crime incorporated in R.C. 2921.331. *See State v. Wilson*, 1st Dist. No. C-090436, 2010-Ohio-2767.

{¶18} We note that, as set forth in R.C. 2901.04(A), "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally

construed in favor of the accused." Accordingly, any ambiguities in R.C. 2921.331 and 2923.02 must be interpreted in appellant's favor. With R.C. 2901.04(A) in mind, we hold that the trial court erred in determining that it was mandated to impose a consecutive prison term in this case pursuant to R.C. 2921.331(D).[1]

{¶19} Because the trial court should have applied the Revised Code's general felony sentencing provisions, we hold that appellant's sentence is contrary to law. Accordingly, appellant's sole assignment of error is sustained.

{¶20} The sentence of the trial court is vacated, and this cause is remanded for resentencing in accordance with law and this decision.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] This point is further emphasized by the 1973 Legislative Service Commission comments attached to R.C. 2923.02: "This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, *with three exceptions*, establishes an attempt to commit any offense as an offense in itself. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt — in these cases, attempt is not an offense." (Emphasis added.)

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR