[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bur. of Workers' Comp. v. Verlinger,* Slip Opinion No. 2018-Ohio-1481.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1481

BUREAU OF WORKERS' COMPENSATION, APPELLANT, *v.* VERLINGER ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bur. of Workers' Comp. v. Verlinger,* Slip Opinion No. 2018-Ohio-1481.]

*Workers' compensation—R.C. 4123.931(G)—A claimant becomes eligible for benefits at time of injury or death that occurred during course of employment and remains eligible unless and until a determination that claimant is not entitled to benefits has been made and has become final (i.e., is no longer subject to appeal) or, if no claim is filed, until time allowed for filing a claim has elapsed—Benefits applicant was a claimant at time she settled with insurance companies—Applicant and insurance companies are jointly and severally liable to statutory subrogee, Bureau of Workers' Compensation, for full amount of its subrogation interest—Court of appeals' judgment affirming trial court's summary-judgment entry vacated and cause remanded.*

(No. 2017-0102—Submitted February 14, 2018—Decided April 19, 2018.)

APPEAL from the Court of Appeals for Summit County,

No. 27763, 2016-Ohio-8029.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we consider the definition of "claimant" for purposes of R.C. 4123.931(G). This statute describes the responsibility of a claimant seeking workers' compensation benefits to notify a statutory subrogee and, if applicable, the attorney general of all third parties against whom the claimant may have a right of recovery and to provide the subrogee an opportunity to assert its subrogation rights against each third party. We hold that a claimant is any party who is eligible to receive compensation, medical benefits, or death benefits from the Ohio Bureau of Workers' Compensation ("BWC"). We further hold that a claimant becomes eligible at the time of the injury or death that occurred during the course of employment and remains eligible unless and until a determination that the claimant is not entitled to benefits has been made and has become final (i.e., is no longer subject to appeal) or, if no claim is filed, until the time allowed for filing a claim has elapsed.

{¶ 2} Moreover, we hold that appellee Loretta M. Verlinger was a claimant at the time she settled with appellee Metropolitan Property and Casualty Insurance Company ("Metropolitan") and appellee Foremost Property and Casualty Insurance Company ("Foremost"). Appellant, BWC, was a statutory subrogee, and Verlinger never gave it the opportunity to assert its subrogation rights prior to settling with the two insurers. Accordingly, appellees are jointly and severally liable to BWC for the full amount of its subrogation interest. We vacate the judgment of the Ninth District Court of Appeals that affirmed the summary-judgment entry of the Summit County Court of Common Pleas, and we remand the cause to the trial court for further proceedings in accordance with this opinion.

**Facts and Procedural History**

{¶ 3} The parties do not dispute the relevant facts in this case. Verlinger sustained serious injuries in an accident on August 1, 2011. She applied for workers' compensation benefits from BWC on August 17, but BWC disallowed the claim on September 6. She appealed the denial to the Industrial Commission on September 22. During the pendency of that appeal, Verlinger settled claims with Metropolitan, the insurer of the driver who caused the crash, and Foremost, her own insurer, resulting in payments to Verlinger and her husband. The parties finalized the settlements on December 15, 2011. On December 23, 2011, the Industrial Commission allowed Verlinger's claim, finding that she "sustained an injury in the course of and arising out of her employment," and she began receiving workers' compensation benefits.

{¶ 4} In July 2013, BWC filed a complaint in the Summit County Court of Common Pleas against appellees, seeking compensation, pursuant to R.C. 4123.931, the subrogation statute, for the amounts it had paid and would pay on Verlinger's workers' compensation claim. BWC and Verlinger filed cross-motions for summary judgment. The trial court granted Verlinger's motion, finding that because BWC had rejected Verlinger's application at the time she settled with the two insurers, she was not a claimant pursuant to R.C. 4123.931.

{¶ 5} BWC appealed, arguing that the trial court erred by finding that Verlinger was not a claimant under the subrogation statute. In a split decision, the appellate court affirmed the trial court's judgment.

**Analysis**

{¶ 6} Statutory interpretation is a matter of law, so we review the appellate court's decision de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. When reviewing a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42.

**{¶ 7}** R.C. 4123.931(G) states:

A claimant shall notify a statutory subrogee and the attorney general of the identity of all third parties against whom the claimant has or may have a right of recovery, except that when the statutory subrogee is a self-insuring employer, the claimant need not notify the attorney general. No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee and, when required, the attorney general, with prior notice and a reasonable opportunity to assert its subrogation rights. If a statutory subrogee and, when required, the attorney general are not given that notice, or if a settlement or compromise excludes any amount paid by the statutory subrogee, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.

**{¶ 8}** We find this case to be straightforward. Verlinger was a claimant, and BWC was a statutory subrogee, R.C. 4123.93(B). Therefore, Verlinger had a responsibility to notify BWC of the settlement and because she did not, appellees are jointly and severally liable to BWC for the full amount of the subrogation interest.

**{¶ 9}** R.C. 4123.93(A) defines "claimant" for purposes of R.C. 4123.931 as "a person who is eligible to receive compensation, medical benefits, or death benefits under this chapter." "Eligible" means "qualified to be chosen." *Webster's Third New International Dictionary* 736 (2002). Appellees argue that Verlinger was not eligible to receive workers' compensation benefits and therefore was not a

claimant within the meaning of R.C. 4123.931(G) because BWC had denied her claim for benefits at the time she reached her settlement with the insurers.

{¶ 10} However, it is clear that Verlinger was qualified to be chosen for benefits at the time she settled with the insurers, because just eight days later, the Industrial Commission allowed her claim and ordered BWC to start paying her benefits. Nothing about Verlinger's qualifications changed during those eight days. Indeed, Verlinger's qualifications did not change at any time between the time of her injury and the commission's decision. Because she was injured in the course of her employment, Verlinger remained eligible for benefits at all times thereafter. BWC initially disallowed her claim based on a lack of proof that the accident occurred in the course of her employment. But BWC's decision was based on a lack of evidence as to eligibility, and because Verlinger timely appealed that decision, it did not become a final determination that Verlinger was ineligible.

{¶ 11} By appealing BWC's decision, Verlinger at all times acted as though she was eligible for benefits. A claimant maintains eligibility for benefits until a final determination is made that the claimant is not entitled to benefits, either because neither party has timely appealed or because all appeals have been exhausted, or, if no claim is filed, until the statutory period for filing a claim has elapsed.

{¶ 12} Verlinger also argues that even if she was a claimant, the subrogation statute does not apply because BWC had not yet made any payment on her claim at the time she settled. This argument is unavailing.

{¶ 13} For purposes of the subrogation statute, "statutory subrogee" is defined as "the administrator of workers' compensation, a self-insuring employer, or an employer that contracts for the direct payment of medical services." R.C. 4123.93(B). Here, BWC meets this definition. Nothing in the definition requires a statutory subrogee to have identified the claimant as being entitled to benefits or to have made any payments to the claimant.

**{¶ 14}** Verlinger attempts to support her argument by conflating "subrogation rights" with "right of recovery," but these are distinct. The statute is clear that it is the "payment of compensation or benefits" that "creates a right of recovery," R.C. 4123.931(A). In contrast, the statute does not require a statutory subrogee to make payments in order to possess a subrogation right; the "right of subrogation * * * is automatic," R.C. 4123.931(H).

**{¶ 15}** Because Verlinger was eligible to receive workers' compensation benefits at the time she settled her claims with the insurers, she was a claimant for purposes of R.C. 4123.931(G). Indeed, at the time of settlement, her benefits claim was on appeal from BWC's decision. Furthermore, pursuant to the same provision, because she failed to provide BWC, the statutory subrogee, and the attorney general a reasonable opportunity to assert their subrogation rights, appellees "shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest." R.C. 4123.931(G).

**{¶ 16}** We understand Foremost's argument that it is unfair to hold a third party jointly and severally liable without regard to its knowledge of any subrogation rights. However, this is a policy argument best made to the General Assembly. As Foremost notes, the General Assembly chose in R.C. 5160.37(F), governing recovery rights of the Department of Medicaid, to limit third-party liability for a subrogee's recovery when the third party is unaware of any subrogation rights. But the General Assembly did not limit third-party liability in R.C. 4123.931(G), and it is our job to apply the law as written, not as we might choose to write it.

**{¶ 17}** We hold that for purposes of R.C. 4123.931(G), Verlinger was a claimant and BWC was a statutory subrogee at the time she reached her settlement with the two insurers. Verlinger failed to notify BWC and the attorney general of her settlement. Accordingly, she and the insurers are jointly and severally liable to BWC for the full amount of BWC's subrogation interest.

Judgment vacated
and cause remanded.

O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Michael J. Hendershot and Peter T. Reed, Deputy Solicitors; and Edward T. Saadi, L.L.C., and Edward T. Saadi, for appellant.

Nicholas A. Papa, for appellee Loretta M. Verlinger.

Smith Marshall, L.L.P., Kallen L. Boyer, and R. Eric Smearman, for appellee Metropolitan Property and Casualty Insurance Company.

Law Offices of Craig S. Cobb and Craig S. Cobb, for appellee Foremost Property and Casualty Insurance Company.

Donahey, Defossez & Beausay and Curtis M. Fifner, urging affirmance for amicus curiae, Ohio Association for Justice.

_____