[Cite as *State v. Brown*, 2022-Ohio-3736.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                        :

    Plaintiff-Appellee,                        :

                                No. 111203

    v.                                                      :

WYNZO BROWN,                                        :

    Defendant-Appellant.                      :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 20, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-655304-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney and Eric Collins, Assistant Prosecuting
Attorney, *for appellee*.

Allison F. Hibbard, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Wynzo Brown ("Brown") appeals the imposition

of a driver's license suspension after a guilty plea to attempted failure to comply and

other charges. For the following reasons, we reverse and remand.

## Factual and Procedural History

{¶ 2} On December 6, 2020, Brown's then-girlfriend, Keyla Davis ("Davis"), alleged Brown threw a drink in her face and then punched her repeatedly in the head. Also, Brown told Davis that she would not live to see Christmas.

{¶ 3} On December 7, 2020, Brown arrived at Davis's residence and took her vehicle. Davis's mother called the police and identified the car and license number. Police located the car near Bluestone Road and initiated lights and sirens. Brown responded by activating his hazard lights but did not stop. Brown reached speeds of up to 60 m.p.h. in a 25 m.p.h. zone. He also failed to stop at two stop signs and weaved around several vehicles to evade Cleveland Heights police. Brown eventually stopped at his sister's residence where he exited the vehicle. Officers ordered Brown to the ground. He refused and insisted that "[y]ou gotta kill me, man" and "shoot me." Brown was eventually arrested.

{¶ 4} On December 28, 2020, Brown was indicted for failure to comply with the order or signal of a police officer under R.C. 2921.331(B), a felony of the third degree. The offense carried a furthermore specification alleging that the operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. Brown was also charged with two first-degree misdemeanors, one count of domestic violence, and one count of aggravated menacing.

{¶ 5} On October 14, 2021, Brown entered into a plea agreement, pleading guilty to attempted failure to comply under R.C. 2923.02, a felony of the fourth

degree, and domestic violence threats under R.C. 2919.25(C), a misdemeanor of the fourth degree. The state dismissed the remaining charge.

{¶ 6} On December 14, 2021, the trial court suspended the prison term and fine on the attempted failure to comply charge and suspended the jail time on the domestic violence charge. Brown was ordered to pay a $250 fine on the domestic violence charge and was sentenced to five years of community-control sanctions. In addition, the trial court sentenced Brown to a class two driver's license suspension for a period of three years under the attempt charge. The defense objected to the license suspension arguing that the attempt statute removed the license suspension from the potential penalties.

{¶ 7} Brown appeals and assigns the following error for our review.

## Assignment of Error

The trial court's sentence is contrary to law.

## Law and Analysis

{¶ 8} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Evans,* 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court "'may increase, reduce, or otherwise modify a sentence' or vacate a sentence and remand for resentencing." *Id.* However, the court must first "clearly and convincingly" find that (1) certain statutory sentencing requirements are not supported in the record or (2) that the sentence is contrary to law. *Id.*

{¶ 9} "A sentence not authorized by statute is contrary to law." *State v. Thompson*, 8th Dist. Cuyahoga No. 110785, 2022-Ohio-1073, ¶ 7.

{¶ 10} In the instant case, Brown argues that the law does not authorize a license suspension for a conviction of attempt under R.C. 2923.02. The state argues that amending R.C. 2921.331(B) failure to comply to attempt is still a felony violation of R.C. 2921.331(B). Further, under that statute, a court is required to impose a class two driver's license suspension. R.C. 2921.331(E) ("In addition to any other sanction imposed for a felony violation of division (B) of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code.").

{¶ 11} Statutory interpretation is a matter of law, and therefore, our review of the trial court's decision is de novo. *Bur. of Workers' Comp. v. Verlinger*, 153 Ohio St.3d 492, 2018-Ohio-1481, 108 N.E.3d 70, ¶ 6. "When examining the actual language of a statute, words should be given their common and ordinary meaning unless the legislature has clearly expressed a contrary intention." *Parma v. Burgos*, 2019-Ohio-2445, 139 N.E.3d 553, ¶ 3 (8th Dist.), citing *Youngstown Club v. Porterfield*, 21 Ohio St.2d 83, 86, 255 N.E.2d 262 (1970); R.C. 1.42.

> A court's main objective when interpreting a statute is to determine and give effect to the legislative intent. *Gracetech Inc. v. Perez*, 2020-Ohio-3595, 154 N.E.3d 1123, ¶ 14 (8th Dist.), citing *State ex rel. Solomon v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). We first look to the language of the statute itself to determine the intent of the General Assembly. *Id.*, citing *Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973). When a statute's meaning is clear and unambiguous, we apply the statute as written. *Gracetech* at *id.*, citing

*Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106, 304 N.E.2d 378 (1973).

*Zipkin v. FirstMerit Bank, N.A.*, 2021-Ohio-2583, 176 N.E.3d 86, ¶ 16 (8th Dist.).

{¶ 12} Furthermore, under R.C. 2901.04, "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." This has been interpreted to mean that "'"where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant."'" *State v. Bartrum*, 121 Ohio St.3d 148, 2009-Ohio-355, 902 N.E.2d 961, ¶ 18, quoting *State v. Young*, 62 Ohio St.2d 370, 374, 406 N.E.2d 499 (1980), quoting *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

{¶ 13} R.C. 2923.02(E)(1) provides that "[w]hoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted."

{¶ 14} This court has previously addressed the effect of a plea to attempted failure to comply in *State v. Garner*, 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262. In that case, this court addressed whether a provision of R.C. 2921.331 that required consecutive sentences applied when a defendant pled to the charge as amended to attempt under R.C. 2923.02.

{¶ 15} In that case, we noted that, statutorily, a "drug abuse offense" includes "any attempt to commit a violation of R.C. 2925.11." *Garner* at ¶ 16, citing *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37 at ¶ 11, citing

R.C. 2925.01(G)(4).[1] The court in *Taylor* determined that because R.C. 2925.11 included "attempted drug abuse" it was a more specific statute than R.C. 2923.02 and therefore, *Taylor's* sentence was governed by R.C. 2925.11 not 2923.02. *Taylor* at ¶ 14.

{¶ 16} Based on that analysis, the Supreme Court in *Taylor* found that "the crime of attempted possession was one of the crimes delineated in R.C. 2925.11, and therefore R.C. 2925.11 controlled the sentencing for [attempted possession]." *Garner* at *id.*, citing *Taylor* at syllabus.

{¶ 17} Applying this analysis to R.C. 2921.331, in *Garner*, we noted that attempted failure to comply is not part of the crime of failure to comply. "In fact, unlike the crime of 'attempted drug possession,' * * * R.C. 2921.331 does not include the word 'attempt' in any of its provisions or definitions." *Id.* at ¶ 17. Accordingly, this court found that the legislature did not intend "attempted failure to comply" to be a crime incorporated in R.C. 2921.331. *Id.* Further, in that case, this court found that the trial court erred in imposing consecutive sentences as required under R.C. 2921.331 for a conviction of attempted failure to comply. *Id.* at ¶ 18.

{¶ 18} Consequently, we find that the trial court erred in imposing the driver's license suspension under R.C. 2921.331(E). Here, the Revised Code's general felony sentencing provisions apply. R.C. 2923.02(E)(1); 2929.13(A) ("[U]nless a specific sanction is required to be imposed or is precluded from being

---

[1] R.C. 2925.01(G) defines a "drug abuse offense" as any of the following: (4) "A conspiracy to commit, attempt to commit, or complicity in committing or attempting to commit," any offense listed in R.C. 2925.01(G)(1), (2) or (3), which includes R.C. 2925.11.

imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.").

{¶ 19} On the other hand, the state argues that R.C. 2921.331(E) applies because Brown's conviction is still a "felony violation of division (B)" of R.C. 2921.331, and therefore the license suspension provision applies. We disagree. As this court noted in *Garner*, the 1973 Legislative Service Commission noted that R.C. 2923.02 "'establishes an attempt to commit any offense as an offense in itself.'" *Garner*, 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262, at ¶ 18, fn. 1, quoting R.C. 2923.02 Comments. Based on that and the foregoing analysis, Brown was convicted of a violation of R.C. 2923.02(A), not 2921.331(B).

{¶ 20} We are aware that this decision is contrary to this court's earlier decision in *State v. Duncan*, 8th Dist. Cuyahoga No. 87518, 2006-Ohio-5024. In *Duncan*, the court found that the trial court was permitted to impose a driver's license suspension as a sentence for attempted failure to comply under R.C. 2923.02 and 2921.331(B). However, we note that *Duncan* was decided before this court had the benefit of the Supreme Court's analysis in *Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37. In our view, *Garner* properly applied *Taylor* to R.C. 2921.331, and that finding governs our decision here. Consequently, the trial court erred in suspending Brown's license.

{¶ 21} Accordingly, we sustain Brown's assignment of error and find that his sentence was contrary to law.

{¶ 22} Judgment reversed and case remanded for the trial court to resentence the appellant accordingly.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR