[Cite as *L.E.P. v. Cuyahoga Cty.*, 2023-Ohio-467.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

L.E.P.

      Plaintiff-Appellant,      :

                      No. 111848

      v.                  :

CUYAHOGA COUNTY ET AL.,      :

      Defendants-Appellees.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-955026

---

### *Appearances:*

Nager, Romaine & Schneiberg Co., L.P.A., Jennifer L. Lawther, Corey J. Kuzma, James D. Falvey, and Erin E. Sawyer, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Leslie J. Shafer, Assistant Prosecuting Attorney, *for appellee*.

EMANUELLA D. GROVES, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 1.1 and Loc.App.R. 11.1. Plaintiff-appellant L.E.P. ("Appellant"), appeals the judgment of the Cuyahoga County Court of Common Pleas that denied her workers'

compensation benefits when the trial court granted summary judgment to Appellee, Cuyahoga County ("Appellee"). For the following reasons, we affirm.

**Facts and Procedural History**

{¶ 2} Appellant was employed by Cuyahoga County as a corrections officer. On May 2, 2021, Appellant escorted a nurse to dispense medications to inmates from the med cart. During this time, the entire pod was placed on lockdown. As the med cart reached each cell, Appellant unlocked the cell door. Each inmate approached the cart to receive medications. While Appellant was passing out medication with the nurse, an inmate allegedly grabbed her vagina (hereinafter referred to as "inmate's actions"). Surveillance cameras captured an inmate bending over, Appellant kicking the inmate, and his hand flinging up toward her body. Appellant kicked the inmate again, he returned to his cell, and the nurse and Appellant continued with their rounds.

{¶ 3} Appellant went to University Hospitals emergency department on May 5, 2021, for anxiety resulting from the incident. She did not sustain any physical injuries. She was treated, attended counseling, and followed up with physician assistant, Mark Rodney, at MetroHealth on May 13, 2021.

{¶ 4} On May 14, 2021, Raymond D. Richetta, Ph.D., examined Appellant and diagnosed her as having adjustment disorder with mixed anxiety and depressed mood as directly and proximately related to the inmate's behavior during the May 2, 2021, incident.

{¶ 5} Appellant initiated her workers' compensation claim on May 7, 2021, alleging a psychiatric injury after the inmate's actions. The workers' compensation administrator disallowed her claim on June 30, 2021. Appellant's subsequent administrative appeals were denied because her psychiatric condition was not a compensable exception under R.C. 4123.01(C)(1). After Appellant exhausted all administrative appeals, she appealed to the court of common pleas on October 28, 2021.

{¶ 6} Appellee filed a motion for summary judgment on May 6, 2022, arguing that Appellant's injury is not compensable because the inmate's actions, i.e., grabbing of Appellant's vagina by an inmate that occurred on May 2, 2021, were not sexual conduct as defined in R.C. 4123.01(K).

{¶ 7} The parties fully briefed the issue, and the trial court issued a journal entry on July 15, 2022, granting Appellee's motion for summary judgment. Appellant now appeals, assigning one assignment of error for review.

## Assignment of Error

The trial court erred in granting Appellee Cuyahoga County's motion for summary judgment.

## Law and Analysis

{¶ 8} In her sole assignment of error, Appellant argues that the trial court erred when it granted Appellee's motion for summary judgment, despite genuine issues of material fact existing as to whether the inmate's actions were "sexual conduct" that is compensable under Ohio workers' compensation law. Appellant

urges that the psychiatric condition for which she seeks benefits falls under an exception to the general rule that psychiatric conditions without a covered physical injury or occupational disease are not compensable.

## Standard of Review

{¶ 9} We review an appeal from a summary judgment under a de novo standard. *Khalia Ra v. Swagelok Mfg. Co., L.L.C.,* 8th Dist. Cuyahoga No. 109789, 2021-Ohio-1657, ¶ 16, citing *Montgomery v. Greater Cleveland Regional Transit Auth.,* 8th Dist. Cuyahoga No. 109559, 2021-Ohio-1198, ¶ 18, citing *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 671 N.E.2d 241 (1996). "Our de novo review is without any deference to the trial court's decision. *See Dean v. Liberty Mut. Ins.,* 8th Dist. Cuyahoga No. 106046, 2018-Ohio-3042, ¶ 9, citing *Powers v. Ferro Corp.,* 8th Dist. Cuyahoga No. 79383, 2002-Ohio-2612 ¶ 30.

## Summary Judgment

{¶ 10} On a motion for summary judgment, the moving party is initially tasked with identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt,* 75 Ohio St.3d. 280, 662 N.E.2d 264 (1996). "If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial." *Id.*

{¶ 11} In satisfying its burden, "the nonmovant may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial". *Id.* at 293.

## Workers' Compensation

{¶ 12} To overcome a motion for summary judgment, Appellant must provide facts of her eligibility to participate in workers' compensation. Under the Ohio Workers' Compensation Act, with a few exceptions, an injured employee is entitled to compensation for the loss sustained because of a physical injury or occupational disease. R.C. 4123.54(A). The Ohio Supreme Court recognized that coverage for psychiatric injuries without a covered physical injury or occupational disease is limited, holding that "[i]n the absence of a clearly expressed legislative intent to recognize mental conditions caused solely by work-related stress as occupational diseases within the purview of the Workers' Compensation Act, such mental conditions are not compensable as occupational diseases." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 18.

{¶ 13} The Act defines "injury" to include "'any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment.'" *Hoelscher v. KBO, Inc.*, 2d Dist. Clark No. 2017-CA-25, 2017-Ohio-5756, ¶ 7, quoting R.C. 4123.01(C). Psychiatric conditions without contemporaneous physical or occupational injury are generally not compensable. *Jones v. Catholic Healthcare Partners, Inc.,* 2012-Ohio-6269, 986 N.E.2d 486, ¶ 23 (7th Dist.). Claims for mental conditions based solely on job-related stress were explicitly excluded from the

definition of "injury" R.C. 4123.01(C). *Rambaldo v. Accurate Die Casting*, 65 Ohio St.3d 281, 287, 603 N.E.2d 975 (1992). In doing so, the General Assembly intended that such claims are not compensable under the Workers' Compensation Act, whether denominated as an injury or an occupational disease claim. *Id.*

{¶ 14} The legislature expressed its intent to narrowly limit coverage for solely psychiatric conditions when it amended R.C. 4123.01(C) in 2006. *See Armstrong v. John R. Jurgenson Co.,* 2d Dist. Clark No. 2011-CA-6, 2011-Ohio-6708, ¶ 33. The amendment addressed the outcome in *Connors v. Sterling Milk Co.*, 98 Ohio App.3d 711, 649 N.E.2d 856 (3d Dist. 1993), where a claimant was denied compensation for PTSD and depression resulting from an assault by a masked assailant who forced the claimant at gunpoint to leave her place of work, enter an alley, and then told her to perform a sex act or die. The claimant's psychiatric injury was not compensable because she did not sustain a physical injury during the incident. *Id.* In response, the legislature allowed compensation for psychiatric injury in the limited instance where the injury arose from "sexual conduct" for purposes of workers' compensation as defined in R.C. 4123.01(K).

{¶ 15} Under R.C 4123.01(K), sexual conduct requires penetration of the vaginal or anal cavity, however slight, by force or threat of physical harm. We must apply the plain, unambiguous meaning to the words defining "sexual conduct." When a statute is unambiguous, the court applies it as written. *State ex rel. Ohio Presbyterian Retirement Servs. v. Indus. Comm. of Ohio*, 151 Ohio St.3d 92, 2017-Ohio-7577, 86 N.E.3d 294, ¶ 1.

{¶ 16} Absent some evidence of ambiguity in the statute's language, this court is without authority to expand or narrow the meaning of the statute's words. *State Bur. of Workers' Comp. v. Mal-Sarkar,* 8th Dist. Cuyahoga No. 101642, 2015-Ohio-1025, ¶ 24. "'When a statute's meaning is unambiguous, courts apply the law as written.'" *State v. Brown*, 2022-Ohio-3736, 199 N.E.3d 219, ¶ 1 (8th Dist.).

{¶ 17} The amendment carved out an exception for psychiatric injuries without a physical injury only when the worker is forced to engage or participate in sexual conduct by force or threat of physical harm. Under R.C. 4123.01(C)(1), "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:

> Psychiatric conditions except where the claimant's psychiatric conditions have arisen from an injury or occupational disease sustained by that claimant or; where the claimant's psychiatric conditions have arisen from sexual conduct in which the claimant was forced by threat of physical harm to engage or participate. *Id.*

{¶ 18} It is undisputed that Appellant suffered no physical or occupational injury. Nonetheless, Appellant claims that her psychiatric condition, which resulted from the inmate's actions during the incident, is a compensable injury under the exception outlined in R.C. 4123.01(C)(1). We cannot accept Appellant's argument.

**Psychiatric Injury Without Physical Injury Exception**

{¶ 19} Psychiatric injuries without physical injury or occupational disease are only eligible for compensation under the Workers' Compensation Act when the claimant's psychiatric conditions have arisen from sexual conduct in which the

claimant was forced by threat of physical harm to engage or participate. R.C. 4123.01(C)(1). Here, the basis for Appellee's motion for summary judgment was that Appellant's psychiatric condition did not arise from "sexual conduct" and that Appellant was not forced or threatened with physical harm.

{¶ 20} Our review requires a two-prong analysis. First, a determination must be made whether the inmate's actions were "sexual conduct" under R.C. 4123.01(K). Second, the inmate's actions must have been by force or threat of physical harm.

{¶ 21} Under the workers' compensation statute "sexual conduct" in R.C. 4123.01(K)

> means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of gender; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

{¶ 22} Here, the allegation is the inmate grabbed the Appellant's vagina. Appellee points to Appellant's deposition testimony, an incident report, and surveillance video capturing the incident to establish that the inmate's actions fail to meet the definition of sexual conduct under the statute.[1] During her deposition, Appellant testified that she did not engage or participate in sexual conduct during the incident. (R. 13, Ex. B, L.E.P. Depo. at 12:3-17).

---

[1] Exhibit D "Privileges and Rights of Inmates in Disciplinary Isolation" found the inmate not guilty of the allegations stemming from the incident and noted, "Unable to corroborate statement after reviewing video."

{¶ 23} Appellee contends that the inmate's actions failed to meet the definition of "sexual conduct" under the worker's compensation statute. A video review supports Appellant's deposition testimony. The video shows Appellant kicking the inmate before he made any contact with her. After the first kick, the inmate's hand flung up briefly, and Appellant kicked him a second time. The inmate returned to his cell, and Appellant proceeded to finish her rounds. The entire interaction between the inmate and Appellant was a few seconds. It is unclear from the video if the inmate's hand made any contact with Appellant. But contact, even in a sexual manner, is not sufficient to satisfy the worker's compensation definition of sexual conduct as defined in R.C. 4123.01(K).

{¶ 24} Appellant must point to some evidence in the record that there is a genuine issue of material fact as to whether the inmate's behavior towards Appellant is sexual conduct. We recognize that any unwanted sexual actions by individuals in the workplace may cause psychiatric injury. However, the legislature intentionally defined sexual conduct in a way that excludes most sexual actions, except for the most invasive when penetration occurs. Therefore, less invasive actions are insufficient for compensable psychological injury under the Workers' Compensation Act. We are constrained to follow the law as it applies here. When construing evidence in the record in Appellant's favor, Appellant's deposition testimony and the video fail to establish a genuine issue of material fact as to whether sexual conduct, as defined in R.C. 4123.01(K), occurred. Consequently, the first-prong of sexual conduct was not established.

## Force or Threat of Physical Harm

{¶ 25} As to the second prong, Appellee argues that Appellant was not threatened by physical harm to engage or participate in sexual conduct. Appellee offers Appellant's deposition testimony that the inmate did not threaten her (R. 13, Ex. B, L.E.P. Depo. at 11:18-19). Appellant counterargues that the second-prong is met because the inmate's proximity to Appellant allowed him to forcibly grab her.

{¶ 26} Nonetheless, we do not need to address the second-prong here. Appellee's uncontradicted evidence that Appellant did not engage or participate in sexual conduct as defined by the Workers' Compensation Act was sufficient to support the trial court's conclusion that there was no genuine issue of material fact to be litigated.

## Conclusion

{¶ 27} Appellant fails to point to evidence of specific facts in the record demonstrating the existence of a genuine issue for trial regarding whether the inmate's actions were sexual conduct. Appellee is therefore entitled to judgment as a matter of law. Appellant's sole assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable ground for this appeal.

It is order that a special mandate be sent to said court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR