[Cite as *Parma v. Wojas*, 2025-Ohio-4586.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF PARMA, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114586 |
| v. | : | |
| ROBERT WOJAS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** October 2, 2025

Criminal Appeal from Parma Municipal Court
Case No. 24CRB01434

### *Appearances:*

Scott M. Tuma, Parma Chief Prosecutor, and Brian R. Radigan, Assistant Prosecuting Attorney, *for appellee.*

Ronald A. Annotico, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Robert Wojas ("Wojas"), appeals the decision of the Parma Municipal Court ordering his dog to be removed from the City of Parma ("City") or destroyed after he pled guilty to an amended charge of "attempted

dangerous dog." For the reasons that follow, we vacate the order of removal or destruction of the dog.

## I. Facts and Procedural History

{¶ 2} This case stems from an incident that occurred on May 27, 2024, on East Linden Lane in Parma, Ohio, when Wojas was walking his Belgian Malonois dog Zeus. Wojas tripped and fell on the sidewalk, which caused him to let go of Zeus's leash. The dog then bit a neighbor in the lower leg. During the investigation, Wojas was unable to produce proof of rabies vaccination or annual registration. He was cited for violations of the Parma Codified Ordinances ("P.C.O."), including violating the dangerous dog ordinance under P.C.O. 618.04, the rabies vaccination requirement under P.C.O. 618.20, and the annual registration requirement under P.C.O. 618.12.

{¶ 3} Wojas subsequently provided proof of rabies vaccination and annual registration. Additionally, upon the recommendations of the dog warden, Wojas completed a specialized training program for him and his dog and installed a fenced-in enclosure for his yard. Thereafter, Wojas pled no contest to an amended charge of attempted dangerous dogs, a misdemeanor of the second degree under P.C.O. 606.22 and 618.04. The remaining counts were dismissed. During the plea colloquy, Wojas was only advised of the possible sentences set forth under the general sentencing guidelines delineated in P.C.O. 698.02.

**{¶ 4}** Immediately after the plea, the trial court sentenced Wojas to a 90-day suspended jail sentence, 24 months of probation, and $150 fine. In addition, and without warning, the trial court then held that pursuant to P.C.O. 618.26,

> The animal Zeus a Belgian [Malinois] is vicious [and] has previously been declared dangerous [and] has previously ran at large and attacked other persons and or animals. In order to protect the health, welfare and safety of the residents the court hereby orders the animal be removed from the city of Parma or destroyed.

(Case Jacket Journal Entry, Oct. 15, 2024.)[1]

**{¶ 5}** It is from this judgment that Wojas now appeals, raising one assignment of error for our review, which states:

> The trial court erred by imposing a sentence not authorized by law under the City's attempt statute and sentencing statute for misdemeanors of the second degree.[2]

## II. Law and Analysis

**{¶ 6}** Ordinarily, we review a trial court's sentence on a misdemeanor violation under an abuse-of-discretion standard. *Olmsted Twp. v. Donnelly*, 2023-Ohio-3712, ¶ 7 (8th Dist.), citing *Cleveland v. Meehan,* 2014-Ohio-2265, ¶ 7 (8th

---

[1] We note that the journal entry is set forth on the case jacket of municipal court file. It details the plea of no contest, the finding of guilt, and the sentence ordered by the court. It is signed by the judge and file stamped by the clerk of courts for Oct. 15, 2024. This is a valid journal entry because "'[t]o journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, a judge signs it, and it is filed with the clerk so that it may become a part of the permanent record of the court.'" *Cleveland v. Kushlak*, 2022-Ohio-4402, ¶ 39 (8th Dist.), quoting *State v. McDowell*, 2002-Ohio-6712, ¶ 7 (7th Dist.). We further note that the docket entries for Oct. 15, 2024, set forth the plea, the finding of guilt, and only part of the sentence. However, "[i]t is the journal entries that are signed by the judge, not the docket entries, that control." *State ex rel. Norris v. Wainwright*, 2019-Ohio-4138, ¶ 19, citing *Cleveland v. Gholston*, 2011-Ohio-6164, ¶ 20, fn. 1 (8th Dist.).

[2] Wojas does not contest the remainder of his sentence.

Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. Although a trial court enjoys broad discretion when imposing a sentence on a misdemeanor offense, "this discretion is not unfettered and still must comport with the law." *Donnelly* at ¶ 7. When a sentence is not authorized by statute, it is contrary to law. *State v. Thompson*, 2022-Ohio-1073, ¶ 7 (8th Dist.). As the Ohio Supreme Court stated in *Abdullah*, "a court does not have discretion to misapply the law"; therefore, we apply a de novo standard of review when reviewing issues of law. *Abdullah* at ¶ 38.

{¶ 7} In the instant case, Wojas argues that the trial court did not have the authority to order his dog be removed from the City or destroyed under P.C.O. 618.26 when Wojas pled guilty under the attempt ordinance, P.C.O. 606.22, as opposed to the dangerous dog ordinance, P.C.O. 618.04. He contends that by pleading under the attempt ordinance, the court is required to sentence him under the general sentencing ordinance, P.C.O. 698.02, for second-degree misdemeanors.

{¶ 8} Generally, courts interpret municipal ordinances in the same manner as statutes. *Yoby v. Cleveland*, 2020-Ohio-3366, ¶ 20 (8th Dist.). When interpreting an ordinance, the court's primary goal is to give effect to the intent of the enacting body. *Ayers v. Cleveland*, 2020-Ohio-1047, ¶ 17. To determine the intent of the enacting body, we must first look to the plain language of the ordinance. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). We must give meaning to the words used in the ordinance, avoiding a construction that renders a

provision meaningless. *Athens v. McClain*, 2020-Ohio-5146, ¶ 35. However, when

"defining offenses or penalties [the ordinance] shall be strictly construed against the

Municipality and liberally construed in favor of the accused." P.C.O. 606.05.

{¶ 9} Wojas was sentenced under P.C.O. 618.26, which states:

> In addition to penalties provided under this chapter [Ch. 618. Animals], if a court determines that an animal is vicious, that on one or more occasions such animal has bitten or attacked a person without provocation, or that the owner/guardian of the animal has habitually permitted such animal to run at large or violate this chapter on one or more occasions so as to constitute a nuisance, the court may, in order to protect the health, welfare, safety and property of the residents of the City, order that such animal be removed from the City or be destroyed.

{¶ 10} Wojas relies on this court's decisions in *State v. Garner*, 2012-Ohio-3262 (8th Dist.), and *State v. Brown*, 2022-Ohio-3736 (8th Dist.), for his argument

that P.C.O. 618.26 only applies to violations under Chapter 618 of the P.C.O. and

does not apply to a plea to an attempt.

{¶ 11} Initially, we note that the P.C.O. 606.22 attempt ordinance mirrors

the R.C. 2923.02 attempt statute and states:

> No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
>
> . . .
>
> Whoever violates this section is guilty of an attempt to commit an offense. . . . An attempt to commit any other offense [other than certain drug abuse offenses] is an offense of the next lesser degree than the offense attempted.

R.C. 2923.02 and P.C.O. 606.22.

{¶ 12} In *Garner*, this court addressed whether the consecutive-sentence requirement under the failure-to-comply statute, R.C. 2921.331, still applied when the defendant pled guilty to an amended charge of attempted failure to comply. In holding that the consecutive-sentence requirement did not apply, we analyzed the language of R.C. 2921.331 and 2923.02 and determined that the statutes did not encompass the crime of "attempted failure to comply." *Id*. at ¶ 17. In so doing, we distinguished *State v. Hall*, 2000 Ohio App. LEXIS 2915 (8th Dist. June 29, 2000), and *State v. Taylor*, 2007-Ohio-1950, where this court as well as the Ohio Supreme Court held that when sentencing an attempted drug offense, the sentencing provisions set forth in the drug statute applied because the attempted drug offense was specifically incorporated into the drug statute, as well as the attempt statute. *Id*. Unlike the drug statute, the failure-to-comply statute in *Garner*, "R.C. 2921.331 does not include the word 'attempt' in any of its provisions or definitions." *Id*. Therefore, we found no basis to conclude that the legislature intended "attempted failure to comply" to be a crime incorporated under R.C. 2921.331; thus the consecutive-sentence requirement did not apply. *Id*.

{¶ 13} Likewise in *Brown*, 2022-Ohio-3736 (8th Dist.), this court held that the driver's license suspension specific to R.C. 2921.331 did not apply to a plea of attempted failure to comply. We note that other districts have followed the reasoning in *Garner*, 2012-Ohio-3262 (8th Dist.), and have held that an attempted failure to comply is a violation of the attempt statute and have sentenced under the general sentencing statute. *See State v. Chatman*, 2023-Ohio-1590 (2d Dist.); *State*

*v. Liddy*, 2022-Ohio-4282 (11th Dist.); *State v. Heidelberg*, 2019-Ohio-2257 (6th Dist.).

{¶ 14} Similarly, two districts have concluded that prior attempted failure to report or failure to register convictions cannot be used to enhance the penalty under R.C. 2950.99 because an attempted failure to report or failure to register was not incorporated in the plain language of R.C. 2950.99. *See State v. Hoselton,* 2011-Ohio-1396 (6th Dist.); *State v. Wilson,* 2010-Ohio-2767 (1st Dist.); *see also State v. Risch*, 2025-Ohio-2484 (3d Dist.) (holding that an attempted gross sexual imposition cannot be used to enhance the penalties under R.C. 2907.05(C)(2) because an attempt was absent from that section).

{¶ 15} Turning to the case at hand and following the framework set forth in *Garner* and *Brown*, we examine the dangerous dog ordinance as well as the attempt ordinance to determine whether the crime of "attempted dangerous dog" was contemplated under either ordinance. After thorough review, we conclude that the attempt was not included in either ordinance.

{¶ 16} The dangerous dog ordinance, P.C.O. 618.04, defines what qualifies as a dangerous dog, explains the process by which a dog is determined to be dangerous, sets forth the owner's responsibilities upon a determination that a dog is dangerous, and provides that the owner shall comply within 24 hours with the listed responsibilities or remove the dog from the City or have it humanely euthanized. It also provides that a violation of the ordinance is a first-degree misdemeanor. The ordinance, however, does not contemplate an "attempted dangerous dog." In fact,

nowhere in the statute is the word "attempt" even used. *See American Legal Publishing, Parma Codified Ordinances, 618.04 Dangerous Dogs*, https://codelibrary.amlegal.com/codes/parma/latest/Parma_oh/0-0-0-201276#JD_618.04 (accessed Sept. 17, 2025) [https://perma.cc/5BBW-ZQ39].

{¶ 17} Likewise, the attempt ordinance, P.C.O. 606.22, does not include an attempted violation of the dangerous dog ordinance. Instead, the attempt ordinance explicitly states that "[w]hoever violates this section is guilty of *an attempt to commit an offense*." (Emphasis added.) P.C.O. 606.04. Further, as this court observed in *Garner*, the 1973 Legislative Service Commission noted that R.C. 2923.02, which the City ordinance is modeled after, "establishes [that] an attempt to commit any offense [is] *an offense in itself*.'" (Emphasis added.) *Garner*, 2012-Ohio-3262, at ¶ 18, fn. 1, quoting R.C. 2923.02 Comments. Therefore, we find that Wojas pled to an attempt, which is an offense in and of itself.

{¶ 18} Because Wojas pled to an attempted dangerous dogs and neither the dangerous dog ordinance nor the attempt ordinance contemplated an attempt, the punishment set forth in P.C.O. 618.26 did not apply. As we previously stated, when defining an offense or a penalty the ordinance is strictly construed against the City and liberally construed in favor of the accused; therefore, the trial court was required to sentence Wojas under the general sentencing ordinances for second-degree misdemeanors under P.C.O. 698.02. The general sentencing ordinance does not allow for the punishments of removal or destruction of the dog. Thus, the trial court's sentence was contrary to law.

**{¶ 19}** Accordingly, we sustain Wojas's sole assignment of error and vacate the trial court's sentence ordering the removal or destruction of the dog Zeus. The remainder of Wojas's sentence was not appealed and remains in effect.

**{¶ 20}** Order vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR